IN THE

# SUPREME COURT

OF THE

## STATE OF IDAHO.

(May 26, 1908.)

CITY OF POCATELLO, Respondent, v. GEORGE BASS, Jr., Appellant.

[96 Pac. 120.]

APPROPRIATION OF WATER—CONFLICT OF EVIDENCE—FINDINGS OF FACT—POWERS OF CITIES TO PURCHASE LANDS FOR PARKS.

1. Where there is a substantial conflict in the evidence, the findings of the trial court will not be disturbed.

2. *Held*, under the evidence that the water in question was appropriated by Turner in 1902.

3. *Held*, that the defendant in this case is not in a position to attack the right of the city to purchase and hold the land in question, as he is not claiming any portion thereof.

(Syllabus by the court.)

APPEAL from the District Court of Fifth Judicial District for Bannock County. Hon. Alfred Budge, Judge.

Action to quiet title to a certain water right. Judgment for the plaintiff. *Affirmed.*

H. V. A. Ferguson, for Appellants.

Where a public wrong results in special and peculiar damage to an individual, differing in kind and not merely in degree from that suffered by the public at large, he may maintain an action individually to protect his interests. (15 Ency. of Pl. & Pr. 473.)

The supreme court upon appeal may review the verdict, if excepted to, and the evidence supporting it. (*Ainslie v. Idaho World Printing Co.*, 1 Ida. 641.)

The rule that a new trial is not to be granted where there was evidence on both sides is not applicable to a case where the weight of the testimony on one side was entirely disregarded by the jury, or was countervailed by evidence which, from its nature, ought to have little or no effect. (*Johnson v. Scribner*, 6 Conn. 185.)

The sufficiency of a special finding, made by a judge sitting without a jury, to support the judgment, is open for review on appeal. (*Betancourt v. Eberlin*, 71 Ala. 461; *Snell v. Kimmell*, 8 Iowa, 281.)

Gray & Boyd, for Respondent.

The decision of the court when sitting in the trial of a cause is of the same force and effect as the verdict of a jury in a jury trial, and where there is a substantial conflict in the testimony, it is the duty of the appellate court to affirm the decision. (*Sabin v. Burke*, 4 Ida. 28, 37 Pac. 352; *Commercial Bank of Moscow v. Lieuallen*, 5 Ida. 47, 46 Pac. 1020; *Simpson v. Remington*, 6 Ida. 681, 59 Pac. 360; *Bonner v. Powell*, 7 Ida. 104, 61 Pac. 138.)

The city having become seised and in possession of said land and water right, the appellant, who is neither a resident nor taxpayer, cannot call in question the power of the city to hold said property. That right can only be exercised by the state of Idaho, (Dillon on Mun. Corp., 4 ed., sec. 574.)

SULLIVAN, J.—This action was brought by the city of Pocatello to restrain the defendant from using, interfering with or in any manner depriving the plaintiff of certain water from a certain spring, which spring is situated outside of the limits of the city, and is referred to in this litigation as the "South Spring"; and to adjudicate the ownership of said water and forever quiet the title of the city to the same.

The following facts appear from the record: In May, 1902, Theodore Turner was the mayor of the city of Pocatello, and

in June of that year the United States, through the Interior Department, placed upon the market certain parts of the land known as the Fort Hall Indian Reservation, and the lands lying within a radius of five miles of the city of Pocatello were to be sold at public auction to the highest bidder for cash, at not less than $10 per acre. Certain of the public spirited citizens of Pocatello, it appears, concluded it would be a good idea to secure 200 acres of those lands lying just outside of the limits of the city, and turn the same into a public park as a place of recreation and enjoyment for the inhabitants of the city. It appears for that purpose Theodore Turner, who was then mayor of that city, and one John W. Faris, a citizen, were selected by such citizens to purchase said lands for cash from the government, and did do so and obtained a patent from the United States for the same, and on May 27, 1903, conveyed such lands to the city. It appears that at the time said lands were purchased by Turner and Faris they had theretofore been occupied by an Indian and he had certain improvements thereon, consisting of a few acres of alfalfa and some cultivated ground. Those improvements were on the 120 acres of land purchased by said Turner from the government. It further appears from the record and evidence and the findings of the court that on July 22, 1902, said Turner located the water in question by filing his notice in the proper office, and a very few days afterward he personally assisted in repairing an old Indian ditch that had theretofore been used in diverting water from that spring, and diverted said water from said spring to and upon the lands he had so purchased from the government, and used the same at that time for the purpose of irrigating alfalfa, shade trees and potatoes growing thereon.

It appears that the defendant, Bass, who is appellant, set-- tled upon 80 acres of land under the homestead laws of the United States, not far from the spring in question, and made his homestead filing therefor in September, 1904; that in August, 1904, he applied to the state engineer for a permit to divert the waters of a certain spring, being the spring in question, and the said permit was granted, and that thereupon

the defendant constructed his dams and ditches and diverted the water from said spring and used it in the irrigation of some of his land. It also appears from his testimony that he used it during the season of 1904 and 1905, and that this action was commenced on October 26, 1905.

After hearing the evidence, the court made findings of fact and entered judgment in favor of the city, from which judgment this appeal is taken.

Counsel for appellant assigns as error certain findings of the court as to the location and appropriation of said water. Theodore Turner testified as follows as to his appropriation of the water of said spring: "Immediately after making the appropriation (location) within a few days, I got a man by the name of McLachlan to go with me there and we cleaned out the ditch that the Indians had. The water from this spring had already been taken by the Indians and used upon the land described in my notice of appropriation. We took the water down there with the help of Mr. McLachlan and myself and used it in irrigating that crop of alfalfa that was growing there, and Mr. McLachlan or the Indians, or perhaps both, turned the water also upon the potatoes. I was not present every time it was done. I saw it a part of the time. That was in the year 1902."

The chairman of the Park committee of the city of Pocatello testified that he knew the spring in controversy, and in 1903, it was used a part of the time for watering the trees in the park, and that the defendant was employed by him to trim up the trees in the park and see that the two streams of water were put on them, one of such streams from the spring in controversy and one from another spring, and that he made special arrangements with him to keep the water running there. Dr. Steely, a witness for the defendant, testified in substance that he was acquainted with the spring in question; that he was mayor of the city of Pocatello in the year 1903; that he went to this spring in that year, and that the water was flowing from that spring and running to and upon said lands; that this was in the month of June, 1903. Another witness testified that he was acquainted with the prem-

ises known as the City Park and also with the spring in question; that said water was used on that land in the summer of 1902; that he used it there the latter part of the season and cut about five tons of hay from the land so irrigated; that he did a good deal of work on the ditch and went over it two or three times that season and cleaned it out thoroughly; that he did this work under an agreement with Theodore Turner. Several witnesses for the defendant testified that they were acquainted with the spring and land referred to in this section; some of them testified positively that the water from that spring was not used on the Turner land; others that they did not see it used there and that they did not think the old Indian ditch would carry the water there.

We think the evidence is amply sufficient to sustain the findings, for it appears beyond a reasonable doubt, that Turner actually located and diverted the water in question, and applied it to a beneficial use upon said land for the irrigation of certain trees there, lucerne and potatoes. His appropriation was complete when he applied it to a beneficial use, which the evidence shows he did in 1902. His testimony is amply corroborated by the testimony of other witnesses to that effect. Witnesses for the defendant testified that the old Indian ditch had not been repaired and no water run through it. There was a direct conflict in the testimony upon that point, and under the well recognized rule that where there is a substantial conflict in the testimony the court will not reverse the findings of the trial court, the findings must be sustained. Turner's appropriation of said water was made in 1902, and had not been forfeited at the time respondent undertook to appropriate it. It was not subject to appropriation at the time appellant claims he appropriated it.

Counsel for appellant contends that the city of Pocatello has no authority, express or implied, for acquiring said 200 acres of land for park purposes, as the same lay outside of its corporate limits. As appellant is not claiming any portion of said lands, he is not in a position to attack the right of the city to purchase and hold the same.

At sec. 574, Dillon on Municipal Corporations, fourth ed., it is said:

"Whether a municipal corporation, with power to purchase and hold real estate for certain purposes, has acquired and is holding such property for other purposes, is a question which can only be determined in a proceeding instituted at the instance of the state. If there is capacity to purchase, the deed to the corporation divests the estate of the grantor, and there is a complete sale; and whether the corporation, in purchasing, exceeds its power, is a question between it and the state, and does not concern the vendor or others."

The main question in this case is as to whether Mr. Turner made a valid appropriation of the water of the spring in controversy, which was in force at the time appellant made an attempt to do so. As above shown, his final act of appropriation was applying the waters of said spring to the irrigation of the land then owned by him. The evidence sufficiently shows that said water was used on the land belonging to him in 1903. Turner's appropriation being valid at the time the appellant attempted to appropriate said water, the appellant secured no rights by his efforts to appropriate the same.

After a careful examination of the entire record, we are satisfied that the judgment must be affirmed and it is so ordered. Costs of this appeal are awarded to respondent.

Ailshie, C. J., and Stewart, J., concur.