(December 15, 1916.)

W. H. CASADY, Respondent, v. JAMES STUART and HARRIET STUART, Appellants.

[161 Pac. 1026.]

ATTORNEY'S FEES—EVIDENCE—SUFFICIENCY OF.

1. Where there is substantial evidence to support the verdict of a jury, the verdict will not be disturbed on appeal.

APPEAL from the District Court of the Second Judicial District for Idaho County. Hon. Edgar C. Steele, Judge.

Action to recover an attorney's fee. Judgment for plaintiff. *Affirmed.*

Clay McNamee and J. L. McClear, for Appellants.

Upon the issue of the reasonableness of an attorney's fee, preponderance of expert testimony should govern as in other cases. (*Blizzard v. Applegate,* 61 Ind. 368.)

There is a wide divergence in the testimony of the respective experts called by plaintiff and defendants as to the value of the alleged services. Where, as in this case, the amount allowed for legal services seems to be grossly excessive and unjust, this court should not become a party to such injustice by refusing to interfere on the ground of conflict in the testimony

in the lower court. (*Head v. Hargrave,* 105 U. S. 45, 26 L. ed. 1028; *Estate of Dorland,* 63 Cal. 281; *Anthony v. Stinson,* 4 Kan. 180.)

J. F. Ailshie and W. H. Casady, for Respondent.

"Where there is a substantial conflict in the testimony, the findings of the trial court will not be disturbed on appeal." (*Goldensmith v. Snowstorm Min. Co.,* 28 Ida. 403, 154 Pac. 968.)

Where there is any substantial evidence to support the verdict or a conflict in evidence, the appellate court will not review or disturb the judgment of the lower court. (*State v. Bouchard,* 27 Ida. 500, 501, 149 Pac. 464; *Tilden v. Hubbard,* 25 Ida. 677, 138 Pac. 1133; *Montgomery v. Gray,* 26 Ida. 583, 144 Pac. 646; *Graham v. Coeur d'Alene & St. Joe Transp. Co.,* 27 Ida. 454, 149 Pac. 509; *Bower v. Moorman,* 27 Ida. 162, 147 Pac. 496; *Darry v. Cox,* 28 Ida. 519, 155 Pac. 660; *Jensen v. Bumgarner,* 28 Ida. 706, 156 Pac. 114; *John V. Farwell Co. v. Craney, ante,* p. 82, 157 Pac. 382; *Smith v. Faris-Kesl Const. Co.,* 27 Ida. 407, 150 Pac. 25.) In the last case cited the rule is applied to a case of expert testimony.

SULLIVAN, C. J.—This action was brought to recover attorney's fees for services performed in certain litigation before the Commissioner of Indian Affairs and the Department of the Interior of the general government, involving title and succession of Indian lands and for procuring an adjudication in favor of appellants, vesting title in them to lands of the conceded value of about $20,000, for which services plaintiff claimed the sum of $2,500.

The issue was joined on the reasonableness of the attorney's fee claimed. The court with a jury tried the case and the jury returned a verdict for the plaintiff in the sum of $1,750, for which sum judgment was entered in favor of the plaintiff. A new trial was denied and the appeal is from the order denying a new trial and from the judgment.

It was contended on the argument that the court erred in overruling the appellants' motion for a new trial. The other

assignments of error go to the instructions given to the jury and the exclusion of certain testimony and the sufficiency of the evidence to support the verdict. The main contention, as we view it, involves the sufficiency of the evidence.

On an examination, we find there is a substantial conflict in the evidence as to the value of the respondent's services. That being true, the verdict of the jury will not be set aside.

We have considered the other errors assigned by appellants and we conclude that there is no real merit in any of them.

The judgment must therefore be affirmed, and it is so ordered, with costs in favor of the respondent.

Budge and Morgan, JJ., concur.