'(June 26, 1917.)

## P. C. ROSS, Respondent, v. GEORGE KERR, Appellant.

[167 Pac. 654.]

MALICIOUS PROSECUTION — PROBABLE CAUSE — ADVICE OF COUNSEL — MALICE—COMPENSATORY AND PUNITIVE DAMAGES—TERMINATION OF PROSECUTION IN FAVOR OF ACCUSED.

1. To entitle a party to recover damages by reason of malicious prosecution, it must appear that the person who preferred the criminal charge acted without probable cause to believe the accused guilty of the crime charged, that he acted with malice and that the criminal action was terminated in favor of accused.

2. The existence of facts showing probable cause is for the jury to determine; whether or not the facts, found by the jury to exist, constitute probable cause is a question for the court.

3. To justify by advice of counsel defendant must show that he truly, correctly, fully, fairly and in good faith stated to such counsel all the facts within his knowledge, or which he might, with reasonable diligence, have ascertained, bearing upon the guilt or innocence of the accused.

4. Malice must be shown to have existed before a recovery may be had by reason of a malicious prosecution, but malice, as a fact, may be inferred by the jury from the absence of probable cause. In order to recover punitive damages, however, actual malice in preferring the charge must be shown to have existed. This is done by showing that the person who preferred the charge was actuated by ill will or a desire to injure the accused.

5. The fact that the testimony taken at the preliminary examination was not written by a reporter does not render the proceeding

void or the order discharging the accused of no avail as a determination in his favor of the criminal action.

[As to what is necessary to support an action for malicious prosecution, see notes in 12 **Am. Dec.** 215; 26 **Am. St.** 127.]

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Chas. P. McCarthy, Judge.

Action for malicious prosecution. Judgment for plaintiff. *Affirmed.*

J. L. Niday, for Appellant

In actions of malicious prosecution the plaintiff must, in order to recover, establish not only malice, but want of probable cause. Those two elements are essential, and they must concur or the action will not lie. (*Potter v. Seale,* 8 Cal. 217, 220; *Anderson v. Coleman,* 53 Cal. 188; *Grant v. Moore,* 29 Cal. 644; *Smith v. Liverpool etc. Ins. Co.,* 107 Cal. 432, 40 Pac. 540.)

The action of malicious prosecution is not favored in law, and hence has been hedged about by limitations more stringent than in the case of almost any other act causing damage to another. (*Russell v. Chamberlin,* 12 Ida. 299, 303, 9 Ann. Cas. 1173, 85 Pac. 926; *Ball v. Rawles,* 93 Cal. 222, 27 Am. St. 174, 28 Pac. 937; *Gee v. Culver,* 12 Or. 228, 6 Pac. 775; *Burt v. Smith,* 181 N. Y. 1, 73 N. E. 495, 2 Ann. Cas. 576, and cases cited.)

If the defendant acted in good faith on evidence, whether true or false, which is sufficient to create a reasonable belief that the accused is guilty of the offense, he is protected. (*Anderson v. Friend,* 85 Ill. 135.)

When a person acting in good faith and under advice of counsel, is led to institute a criminal prosecution against another, and thereafter the prosecution fails, the prosecutor does not thereby render himself liable to an action for malicious prosecution or any other action. (*Central Light & Fuel Co. v. Tyron,* 42 Okl. 86, 140 Pac. 1152; *Le Clear v. Perkins,* 103 Mich. 131, 61 N. W. 357, 26 L. R. A. 627; *Cooper v.*

*Fleming,* 114 Tenn. 40, 84 S. W. 801, 68 L. R. A. 849; *Elreno Gas & Electric Co. v. Spurgeon,* 30 Okl. 88, 118 Pac. 397.)

It is not necessary that every fact should be disclosed to the attorney in order to be protected under his advice. (*Young v. Jackson* (Tex. Civ. App.), 29 S. W. 1111; *Harris v. Woodford,* 98 Mich. 147, 57 N. W. 96; *Baldwin v. Weed,* 17 Wend. (N. Y.) 224.)

It is a good defense to an action for malicious prosecution, that the defendant, before commencing the prosecution, presented the matter to the county attorney, fairly stating to him all the facts, and then in good faith followed his advice. (*Schippel v. Norton,* 38 Kan. 567, 16 Pac. 804.)

The government cannot allow the citizen to suffer for his trust in its proper functionaries. (*Laughlin v. Clawson,* 27 Pa. St. 328, 330.)

Express or positive malice must be shown, as well as the absence of probable cause. (*Long v. Rodgers,* 19 Ala. 321.)

Malice is a fact to be proved and not an inference of law. (*Gee v. Culver,* 12 Or. 228, 6 Pac. 775.)

A *nolle prosequi* entered by the procurement of the party prosecuted or by his consent, or by way of compromise, is not such a determination of the prosecution alleged to have been malicious as will enable the party prosecuted to maintain the action. (*Langford v. Boston etc. R. Co.,* 144 Mass. 431, 11 N. E. 697; *Woodman v. Prescott,* 66 N. H. 375, 22 Atl. 456.)

"The existence of probable cause for a prosecution is always a matter of law to be determined by the court." (*Ball v. Rawles,* 93 Cal. 222, 27 Am. St. 174, 28 Pac. 937, 26 Cyc. 106.)

The court erred in submitting to the jury the question of compensatory or punitive damages. (*Stilson v. Gibbs,* 53 Mich. 280, 284, 18 N. W. 815; *Wilson v. Bowen,* 64 Mich. 133, 31 N. W. 81.)

Perky & Brinck, for Respondent.

Under the contract between the parties, respondent was merely the debtor of appellant. Had he collected all of his

accounts and appropriated the whole amount he could not have been guilty of embezzlement. (*State v. Covert,* 14 Wash. 652, 45 Pac. 304; *Dixie Fire Ins. Co. v. Nelson,* 128 Tenn. 70, 157 S. W. 416; note in 87 Am. St. 37, 38.)

There could therefore have been no probable cause for the prosecution. Probable cause may be founded upon misinformation as to facts, but not as to law. (*Hazzard v. Flury,* 120 N. Y. 223, 24 N. E. 194; *Whitney v. New York Cas. Ins. Assn.,* 27 App. Div. 320, 50 N. Y. Supp. 227; *Hall v. Hawkins,* 5 Humph. (24 Tenn.) 357; *Parli v. Reed,* 30 Kan. 534, 2 Pac. 635.)

A criminal prosecution upon any other motive than that of bringing a guilty party to justice, is malicious. (*Krug v. Ward,* 77 Ill. 603; *Kendrick v. Cypert,* 10 Humph. (29 Tenn.) 291; *Gabel v. Weisensee,* 49 Tex. 131; *Vinal v. Core,* 18 W. Va. 1; 19 Am. & Eng. Ency. of Law, 2d ed., 675.)

If there was any conflict in the evidence as to whether there was a compromise between the parties, it was properly a question for the jury and properly submitted to them, whether the dismissal was brought about by the settlement. (L. R. A. 1915A, 604; *Marcus v. Bernstein,* 117 N. C. 31, 23 S. E. 38.)

The court did not submit the question of probable cause to the jury to determine, but submitted special interrogatories as to disputed facts, from their answers to which he could make his findings as to probable cause. Where there is any conflict in the facts this is the proper procedure. (*Burton v. St. Paul etc. Ry. Co.,* 33 Minn. 189, 22 N. W. 300; 26 Cyc. 107–109, and cases cited.)

The jury may in a proper case assess punitive damages. (26 Cyc. 64, 65, 117; 4 Sutherland, Damages, 3d ed., 3579, and n. 2.)

MORGAN, J.—From December 2, 1912, to May 10, 1913, the respondent, Ross, was employed by the American Laundry Company of which appellant, Kerr, was part owner and president. His duties were those of a driver of one of the delivery wagons of the company and to solicit patronage and

deliver the articles when laundered. On or about May 29, 1913, he was arrested upon a charge of embezzlement preferred against him by appellant, who accused him of misappropriating moneys collected from the patrons of the laundry. Respondent thereupon gave bond and on July 9, 1913, was discharged, by order of the justice of the peace before whom the preliminary proceedings were had, and the charge against him was dismissed. Thereafter he instituted this action against appellant for malicious prosecution. The jury rendered a verdict in his favor in the sum of $2,000, $1,500 of which was allowed as compensatory damages and $500 as punitive damages, and judgment was entered for these amounts. Appellant moved for a new trial, which motion was denied. This appeal is from the judgment and from the order denying the motion for a new trial.

It is contended by appellant that the evidence disclosed probable cause for believing the respondent guilty of embezzlement. There is a direct conflict in the testimony concerning the terms of the contract of employment between respondent and the Laundry Company. The terms of this agreement are a very material factor in determining the question of probable cause.

Appellant, and other witnesses in his behalf, testified that under the terms of this contract Ross was to collect the money due from the patrons of the laundry, and account for the same each week and that he was to receive, as his compensation, fifteen per cent of the money collected, it being understood, however, that the commissions on the returns of the first week were to be paid to a party by the name of Smith, who was respondent's predecessor and who accompanied him during that time in order to familiarize him with his duties. On the other hand, respondent testified that by the agreement of employment he was to be charged by the company for all the laundry he procured, whether or not the charge therefor was collected by him, and he was to reimburse himself by making the collections; that he was to receive fifteen per cent, based not upon the amount of money collected, but upon the

amount of business procured; that it was not the understanding that the first week's commissions should go to Smith.

Respondent's testimony is corroborated, to some extent, by recitals contained in a certain agreement entered into on June 9, 1913, after the arrest, which agreement was in the nature of a settlement of the account between respondent and the company. The recitals referred to are as follows: "That whereas, second party has been from December 2, 1912, to May 10, 1913, inclusive, collecting and delivering laundry for first party under a contract with first party whereby all bills for laundry brought in by second party from customers were charged directly by first party to second party, second party being responsible for the payment thereof in full, regardless of whether he collected the amount thereof from the customers or not, second party to receive and be entitled to withhold fifteen per cent commission on the amount of all moneys so charged to him; . . . . "

It is true appellant testified that when he signed this agreement for the company he did not carefully read it, or know that it contained the clause above referred to, however, there was testimony that the agreement was read aloud to him and that he did carefully read it.

Special interrogatories were submitted to the jury upon the question of the terms of the contract of employment and it found them to be as testified to by respondent.

An appellate court will not disturb the verdict of the jury or the judgment of a trial court because of conflict in the evidence when there is sufficient proof, if uncontradicted, to sustain it. (*Jensen v. Bumgarner,* 28 Ida. 706, 156 Pac. 114; *State v. Steen,* 29 Ida. 337, 158 Pac. 499; *Casady v. Stuart,* 29. Ida. 714, 161 Pac. 1026; *Sweeten v. Ezell, ante,* p. 154, 163 Pac. 612.)

The record discloses that appellant consulted the prosecuting attorney of Ada county before preferring the charge against respondent, and upon his advice swore to the complaint charging embezzlement, but the jury found, in response to a special interrogatory submitted to it, that appellant did not relate to the prosecuting attorney all the material facts

within his knowledge bearing upon the terms of employment, in that he failed to state that the relation of debtor and creditor existed between the American Laundry Company and respondent. It is evident that appellant did not state facts from which such relation should have been inferred, because he contends that such facts did not exist. To justify by advice of counsel defendant must show that he truly and correctly, fully and fairly, and in good faith stated to such counsel all of the facts within his knowledge, or which he might, with reasonable diligence, have ascertained, bearing upon the guilt or innocence of the accused. "The making of an exaggerated, misrepresented, incorrect statement, or the withholding of any material fact, is inconsistent with probable cause." (26 Cyc. 34.)

Appellant urges that the evidence was insufficient to show malice on his part in preferring the charge against respondent. Malice is an essential ingredient of malicious prosecution, but may, as a fact, be inferred from the absence of probable cause. (26 Cyc. 23.)

The jury, however, awarded respondent punitive damages under an instruction from the court that it might do so should it find that actual malice existed. The record discloses that after respondent left the employ of the Laundry Company he secured a position with a rival concern and that appellant believed he was enticing its customers and inducing them to patronize the rival laundry. There was evidence of threats made by appellant that he would prevent respondent from holding a position or obtaining any employment. Appellant admitted that he caused to be inserted in the newspapers of Boise, after the charge against respondent had been dismissed, an article to the effect that he had abandoned the prosecution out of sympathy with the family of respondent. This evidence is amply sufficient to establish the existence of actual malice.

It is contended that there was not such a termination of the criminal case as would justify the action for malicious prosecution. It appears that the attorney who represented respondent in the criminal action inquired of the prosecuting

attorney whether or not the proceeding could be dismissed and that a continuance of the preliminary hearing was had, from time to time, by consent of all the parties. After the settlement of the account between Ross and the Laundry Company, on June 9th, the deputy prosecuting attorney made a motion to dismiss the case, which was opposed by respondent for the reason that no grounds were set forth in the motion which would vindicate him. The justice's docket, which is in evidence, shows that on July 9, 1913, the time finally set for the preliminary hearing, the examination of respondent came on duly to be heard upon notice to the prosecuting attorney and the prosecuting witness; that the sworn testimony of appellant was taken and thereupon respondent's counsel moved to dismiss the case for the reason that it appeared from the evidence that he had not committed the crime charged against him; that the magistrate sustained the motion and dismissed the charge. Respondent introduced testimony to show that this dismissal was not procured in consideration of the settlement of the account between him and the company. The deputy prosecuting attorney testified that he contemplated the settlement of this account in his motion to dismiss the criminal charge only so far as he deemed it nearly impossible to obtain a conviction upon the charge of embezzlement where it would be shown that the sum of money claimed to have been embezzled was repaid. It is conceded that the evidence, at the preliminary hearing, was given orally and was not reported. This fact, however, cannot be taken advantage of by appellant. There is no doubt that the preliminary hearing and dismissal of the charge divested the examining magistrate of jurisdiction to further consider the case. This being true there was such a final termination of the criminal case as to form the basis for this action.

Appellant contends that the court erred in submitting to the jury an instruction directing it to determine the terms of the employment between Ross and the company. The existence of facts bearing on the question of probable cause is to be decided by the jury, then it is the duty of the court to say

whether or not, from the facts found by the jury to exist, there was probable cause. Whether or not respondent was charged with the money due from the patrons, and was to pay the company irrespective of whether he made the collections, in short, whether or not such facts existed as would make the relation between him and the company that of debtor and creditor, were disputed questions of fact and were correctly submitted to the jury. The jury having found for respondent on these issues it was for the court to say that there was a want of probable cause, which it did in its judgment upon the verdict.

The court submitted to the jury the question of exemplary or punitive damages. By almost unanimous authority this is proper where malice is actual. There is sufficient evidence in this case to support the finding of actual malice. Appellant requested the instruction: "That actual malice must be proved by plaintiff." The court properly refused this instruction on the ground that actual malice was necessary only so far as the party injured was entitled to punitive damages. The court submitted the question of actual malice properly, and defined it correctly when it said that if the jury found that appellant was actuated by ill will toward respondent, or by desire to injure him, then punitive damages could be recovered. (1 Words and Phrases, 158.)

Appellant contends that the court erred in not permitting him to answer a question as to whether or not he was actuated by malice in making the criminal charge. The question called for a conclusion of law and the objection to it was properly sustained. (*Gimbel v. Gomprecht* (Tex. Civ. App.), 36 S. W. 781; 7 Ency. Ev. 600; *Gabel v. Weisensee,* 49 Tex. 131.) Moreover, he was permitted to testify as to his motives in making the charge.

There are numerous assignments of error set forth by appellant but not discussed in his brief. We have examined them fully and are convinced that they are not well taken. A discussion of them in this opinion, however, can be properly omitted.

The judgment and order appealed from are affirmed. Costs are awarded to respondent.

Budge, C. J., and Rice, J., concur.

Petition for rehearing denied.