### IN THE

# SUPREME COURT

#### OF THE

# STATE OF IDAHO.

---

(November 22, 1917.)

W. B. HARDY, Doing Business as the RUPERT INVEST-. MENT COMPANY, Respondent, v. ROBERT WARD and MARY WARD, Husband and Wife, Appellants.

[168 ·Pac. 1075.]

CONTRACT—PERFORMANCE OF—BROKER—COMMISSION—CONFLICTING EVI-
DENCE—JUDGMENT ON.

*Held*, where there is substantial evidence to support the verdict of a jury, the same will not be disturbed on appeal.

APPEAL from the District Court of the Fourth Judicial District, for Minidoka County. Hon. James R. Bothwell, Judge.

Action to recover real estate broker's commission. Judgment for plaintiff *affirmed*.

E. R. Dampier, for Appellants.

It is the duty of the court to set aside the verdict where there is no evidence to sustain it, or where it is against the law as given by the court. (*Rippetoe v. Feely*, 20 Ida. 619, 119 Pac. 465; *Goldstone v. Rustemeyer*, 21 Ida. 703, 123 Pac. 635; *Quale v. Ream*, 15 Ida. 666, 99 Pac. 707.)

W. T. Stafford, for Respondent.

A verdict on substantially conflicting testimony will not be disturbed. (*Cameron Lumber Co. v. Stack-Gibbs Lumber Co.*, 26 Ida. 626, 144 Pac. 1114; *Bower v. Moorman*, 27 Ida. 162,

147 Pac. 496; *Smith v. Faris-Kesl Const. Co.*, 27 Ida. 407, 150 Pac. 25.)

Where there is any substantial evidence to support the findings and judgment, they will not be disturbed upon appeal to the supreme court for insufficiency of the evidence. (*Pomeroy v. Gordan*, 25 Ida. 279, 137 Pac. 888; *Dearing v. Hockersmith*, 25 Ida. 140, 136 Pac. 994, and other Idaho cases collected and cited, Flynn's Digest, p. 53.)

BUDGE, C. J.—Appellants and respondent entered into an agreement whereby the latter, who was a real estate broker, was to sell two tracts of land belonging to appellants, and in pursuance of such agreement respondent found purchasers who were ready and willing to buy the lands. A contract of sale was thereafter entered into and signed on August 22, 1914, whereby Hichiraw Hamaoka and Tokuichi Hondo agreed to purchase the lands of the appellants and to pay therefor the sum of $8,600. Fifty dollars was paid at the time of the signing of the agreement, $500 was to be paid on or before September 5, 1914, $1,450 on or before November 18, 1914, and the balance of the purchase price at different times, stipulated in the contract, with interest upon all deferred payments at six per cent per annum from the date of the agreement, payable semi-annually. The first instalment of $500 was paid, but no further payments were made.

At the time that the sale was being negotiated appellant, Mary Ward, refused to sign the contract until respondent's commission should be fixed. Thereupon respondent agreed in writing to accept $300 as his commission in full for all services rendered. Respondent retained $25 out of the initial payment of $50, $175 out of the second payment of $500, and upon the refusal of appellants to make any further payments brought this action to recover $125, the balance alleged to be due. The cause was tried to a jury and judgment was entered upon the verdict in favor of respondent for this amount, from which judgment this appeal is prosecuted.

As error the appellants assign that the evidence is insufficient to support the verdict and judgment. It is conceded

that respondent was the procuring cause in securing the contract of sale for appellants, and that he was entitled to compensation for his services so rendered. Appellants contended, however: First, that respondent was not entitled to his commission until the terms of the contract had been fully complied with by the payment of the full purchase price; and, second, that respondent was not entitled to recover any amount until the $1,450 instalment was paid, in addition to what had theretofore been paid, on the contract price.

Respondent's contention is: That he was entitled to his commission of $300 when the contract of sale was completed and all of the parties to the sale and purchase, including Mrs. Ward, had affixed their signatures thereto.

The position taken by the appellants is contradictory in this, that they first contend that no commission was due until the full purchase price was paid, and again they contend that there was nothing due respondent until $2,000 only of the purchase price had been paid. The writing wherein respondent agreed to accept $300 as his commission contains no such provision, but only provides that the broker "agrees to accept three hundred dollars for their commission out of the deal. . . . . "

The evidence is conflicting, but there is ample evidence in the record to support respondent's contention that he was entitled to his commission upon completion of the sale, by the execution of the contract between the parties. That being true, the verdict of the jury will not be disturbed. (*Casady v. Stuart*, 29 Ida. 714, 161 Pac. 1026.)

The judgment of the trial court is affirmed. Costs awarded to respondent.

Morgan, J., and Rice, J., concur.