(November 2, 1918.)

ROBERT FLEMING, Respondent, v. C. H. BENSON, Appellant.

[178 Pac. 482.]

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. James R. Bothwell, Presiding Judge.

Action for damages. Judgment for plaintiff. Appeal from an order denying a motion for a new trial. *Dismissed.*

O'Brien & Glennon, for Appellant, cite no authorities on point decided.

Stevens & Clute and H. E. Ray, for Respondent.

A judgment will not be reversed where the evidence is conflicting and there is substantial evidence to support the verdict of the jury. (*Gumaer v. White Pine Lbr. Co.,* 11 Ida. 591, 83 Pac. 771; *Just v. Idaho Canal etc. Co.,* 16 Ida. 639, 133 Am. St. 140, 102 Pac. 381; *Quayle v. Ream,* 17 Ida. 545, 106 Pac. 610; *Friedrich v. Donahue,* 20 Ida. 92, 116 Pac. 1029; *McMahon v. Cooper,* 23 Ida. 413, 130 Pac. 456.)

MORGAN, J.—The record in this case is in the same condition as is that in case of *Smith v. Benson, ante,* p. 99, 178 Pac. 480. Upon authority of that case, and cases therein cited, this appeal is dismissed. Costs are awarded to respondent.

Budge, C. J., and Rice, J., concur.


### ON APPLICATION TO REINSTATE APPEAL.

(January 31, 1919.)

RANGE—TWO-MILE LIMIT LAW—DAMAGES—CONFLICTING EVIDENCE.

> An appellate court will not disturb the verdict of the jury or the judgment of a trial court because of conflict in the evidence when there is sufficient proof, if uncontradicted, to sustain it.

> [As to cattle ranging over uninclosed lands, see note in 81 **Am. St.** 447.]

MORGAN, C. J.—An application to reinstate this appeal, in the nature of a suggestion of diminution of the record, accompanied by a sufficient showing and proper certificate, has been filed by appellant and the appeal has been reinstated.

This action was commenced for the purpose of recovering damages, provided for in Rev. Codes, secs. 1217–1219, alleged to have been sustained by reason of sheep, belonging

to appellant, being herded and permitted to graze upon the range within two miles of respondent's dwelling-house, thereby destroying pasturage which his horses and cattle would otherwise have fed upon, compelling him to procure other pasture and to use more feed than would otherwise have been necessary, causing his stock to become poor and to scatter, and resulting in much trouble and expense to him in caring for them. Three causes of action were stated and judgment for $175 was demanded for damage sustained during each of the years 1912, 1913 and 1914. The jury returned a verdict in respondent's favor for $50 for 1912; $78.50 for 1913, and $60 for 1914. Judgment for the aggregate of these amounts and for costs was entered, and a motion for a new trial was made and denied. This appeal is from the order denying the motion.

The only question presented is as to the sufficiency of the evidence. The testimony discloses that during the years in question respondent was the owner of twelve horses and from six to sixteen head of cattle, which he was accustomed to pasture upon the range within two miles of his dwelling; that during these years appellant, at different times for periods of from two weeks to a month in duration, grazed and herded from 1,000 to 1,300 sheep upon the range within the two-mile limit, and that as a result the grass was consumed and destroyed to an extent which made it necessary for respondent to hire pasture of his neighbors and to feed his stock more hay than he would have had to do had the grass not been so grazed off and destroyed by the sheep; also that it was necessary for him to spend two or three days each year in riding after his stock during the time he was attempting to use the range, because they would not stay upon it after the sheep had been herded thereon. The evidence is also sufficient to justify the jury in finding that the damage sustained by respondent, within the rule expressed in *Chandler v. Little*, 30 Ida. 119, 163 Pac. 299, and *Smith v. Benson, ante*, p. 99, 178 Pac. 480, was the amount found in its verdict upon each of the three causes of action stated in the complaint.

There is a sharp conflict in the testimony upon many important points, but an appellate court will not disturb the verdict of the jury or the judgment of a trial court because of conflict in the evidence when there is sufficient proof, if uncontradicted, to sustain it. (*Ross v. Kerr*, 30 Ida. 492, 167 Pac. 654, and cases therein cited.)

The order appealed from is affirmed. Costs are awarded to respondent.

Rice and Budge, JJ., concur.