(May 27, 1920.)

PEARL LISENBY, Respondent, v. INTERMOUNTAIN STATE BANK, a Corporation, and F. M. KERBY, Appellants.

[190 Pac. 355.]

VERDICT—CONFLICTING EVIDENCE.

> A verdict founded upon conflicting evidence will not be disturbed where there is substantial evidence to sustain it.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Carl A. Davis, Judge.

Action by a bank depositor to recover balance on deposit.

Judgment for plaintiff. *Affirmed* as to appellant bank. *Reversed* as to appellant Kerby.

Karl Paine, A. C. Hindman and F. M. Kerby, for Appellants, cite no authorities on point decided.

J. P. Pope, for Respondent.

The law is so well established as to require no citation of authorities that the supreme court will not disturb the verdict of a jury where there is a substantial conflict in the testimony. (*Hellebrant v. Kent,* 29 Ida. 89, 157 Pac. 780; *Jensen v. Bumgarner,* 28 Ida. 706, 156 Pac. 114.)

BUDGE, J.—This action was instituted by respondent against the appellant bank and its cashier jointly to recover the sum of $324.03 claimed to be the balance due and remaining on deposit to her credit in the bank. The case was tried to the court and a jury and a verdict was returned in favor of respondent for the full amount claimed. This appeal is from the judgment entered on the verdict. Appellants have assigned several errors, but the only one discussed or relied upon for reversal is that the verdict is not supported by the evidence.

The material fact in dispute is whether respondent authorized appellant bank or its cashier to pay out of moneys, which it is admitted she had deposited in the bank certain claims, viz., an amount known as the Warner bill and a note signed by respondent's former husband and a third party and held by the bank. It is conceded by appellants that there is a direct conflict in the evidence, and the record shows that the testimony of the respondent is clear and unequivocal that she never authorized either the bank or its cashier to make these payments out of her deposit. Appellants contend that, because of certain alleged inconsistencies in respondent's testimony and the alleged fact that the great weight of the evidence tends to show that the bank was authorized to make the payments in question, the judgment should be reversed.

It could serve no useful purpose to recite the evidence or enter upon a discussion of it or to speculate as to the probabilities of one or more witnesses telling the truth and others having testified falsely. There is substantial evidence to support the verdict against the bank, and it is apparent that the jury believed the testimony of respondent. The case, therefore, falls within the well-settled rule, so frequently reiterated by this court, that where there is substantial evidence to support a verdict, it will not be disturbed because of conflict in the evidence. The more recent cases announcing the rule are collected in *Consolidated Interstate-Callahan Min. Co. v. Morton*, 32 Ida. 671, 187 Pac. 791; C. S., sec. 7170. As pointed out in one of the cases therein

cited, and as this court has had frequent occasion to observe, the rule applies alike to findings of fact made by the trial court sitting without a jury and to verdicts where the case is tried to a jury. (*Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481.)

The evidence is not sufficient to establish any liability on the part of appellant Kerby. The specification of error, however, goes to the sufficiency of the evidence to sustain the entire verdict.

The judgment against Kerby is reversed. The judgment against the bank is affirmed, with costs in favor of respondent.

Morgan, C. J., and Rice, J., concur.