(July 16, 1920.)

## SUSIE M. BLACK, Respondent, v. BERT BLACK, Appellant.

[191 Pac. 353.]

EVIDENCE—DOCUMENTARY—ORAL—CONFLICT—VERDICT—FINDING.

1. Where the material evidence is not all documentary, but is in part oral and conflicting, this court will not disturb either the verdict of the jury or the finding of the trial court if there is substantial evidence to support either.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action contesting the admission of a purported will to probate. Judgment for plaintiff. *Affirmed.*

Thos. E. Buckner and Stone & Jackson, for Appellant.

If there is any doubt or conflict in the evidence, it arises from a comparison of the handwriting of the proposed will with the voluminous exhibits which are conceded to have been written by William A. Black.

The "substantial evidence" upon which the verdict of the jury must stand or fall exists entirely within the written exhibits and not in the opinions expressed by the witness.

"Where a trial has been had entirely upon depositions and the trial court has not seen and heard the witnesses, the appellate court is in as favorable position for judging of the truthfulness of the witnesses and weight of the evidence as the trial judge, and will consider the same as if originally heard in the appellate court." (*Roby v. Roby*, 10 Ida. 139, 77 Pac. 213; *Stoneburner v. Stoneburner*, 11 Ida. 603, 83 Pac. 938; *Van Camp v. Emery*, 13 Ida. 202, 89 Pac. 752; *Van Camp v. Breyer*, 13 Ida. 209, 89 Pac. 754; *Village of Sandpoint v. Doyle*, 14 Ida. 749, 95 Pac. 945, 17 L. R. A., N. S., 497; *Council Imp. Co. v. Draper*, 16 Ida. 541, 102 Pac. 7; *Spofford v. Spofford*, 18 Ida. 115, 108 Pac. 1054; *Parsons v. Wrble*, 19 Ida. 619, 115 Pac. 8; *Jones v. Marshall*, 25 Ida. 678, 135 Pac. 841; *Ainslie v. Idaho World Printing Co.*, 1 Ida. 641.)

Martin & Martin, for Respondent.

This court has never departed from the rule that it will not disturb a judgment entered upon conflicting evidence where any part of the evidence has been given by the witnesses in person before the trial court. (*Jones v. Marshall*, 24 Ida. 678, 135 Pac. 841.)

The evidence being conflicting, and there being substantial evidence to support the verdict, this court will not disturb the verdict. (*Hardy v. Ward*, 31 Ida. 1, 168 Pac. 1075; *Casady v. Stuart*, 29 Ida. 714, 161 Pac. 1026; *Hemphill v. Moy*, 31 Ida. 66, 169 Pac. 288; *Brown v. Hardin*, 31 Ida. 112, 169 Pac. 293; *Labonte v. Davidson*, 31 Ida. 644, 175 Pac. 588; *Fleming v. Benson*, 32 Ida. 103, 178 Pac. 482.)

BUDGE, J.—This is an appeal from a judgment of the district court reversing an order of the probate court of Canyon county by which the purported will of William A. Black, deceased, had been admitted to probate. The only issue before the district court was whether or not the purported will had been entirely written, dated and signed by the deceased. The case was tried before the court and a jury, the latter returning a verdict that the deceased did not write, date and sign the document in question.

Appellant seeks to bring the case within the rule announced by this court in *Roby v. Roby,* 10 Ida. 139, 77 Pac. 213, and followed in the cases of *Stoneburner v. Stoneburner,* 11 Ida. 603, 83 Pac. 938; *Van Camp v. Emery,* 13 Ida. 202, 89 Pac. 752; *Van Camp v. Breyer,* 13 Ida. 209, 89 Pac. 754; *Village of Sandpoint v. Doyle,* 14 Ida. 749, 95 Pac. 945; 17 L. R. A., N. S., 497; *Council Imp. Co. v. Draper,* 16 Ida. 541, 102 Pac. 7; *Spofford v. Spofford,* 18 Ida. 115, 108 Pac. 1054; *Parsons v. Wrble,* 19 Ida. 619, 115 Pac. 8, 13, that "Where a trial has been had entirely upon depositions and the trial court has not seen and heard the witnesses, the appellate court is in as favorable position for judging of the truthfulness of the witnesses and weight of the evidence as the trial judge, and will consider the same as if originally heard in the appellate court."

The rule sought to be applied in this case is not in point, for the reason that all of the material testimony offered and received was not in writing and did not consist of evidence of written documents or writings of the deceased, but was made up both of documentary evidence and much conflicting oral testimony.

This court held in *Ainslie v. Idaho World Printing Co.,* 1 Ida. 641, that where the material evidence is not all documentary, but is in part oral, the rule contended for by the appellant does not apply. The distinction was later clearly pointed out in *Jones v. Marshall,* 24 Ida. 678, 135 Pac. 841, in the following language:

"In the first place, it has been suggested that under the rule announced by this court in *Roby v. Roby,* 10 Ida. 139,

[77 Pac. 213], . . . . it is our duty to examine and weigh the evidence in this case as though it were being originally tried before this court. The fact that oral testimony was introduced before Judge Flynn, who rendered the decree in this case, is a sufficient and complete answer to the contention made in this respect. This court has never departed from the rule that it will not disturb a judgment entered upon conflicting evidence where any part of the evidence has been given by the witnesses in person before the trial court. The rule applied in the foregoing cases applies only to a case where no witnesses were produced before the trial court or where the whole case was submitted on depositions, report of referee, or documentary evidence, and no witnesses appeared and testified before the court.''

It is apparent, therefore, that the case falls clearly within the rule, so frequently announced, that this court will not disturb either the verdict of a jury or the finding of the trial court where the evidence is conflicting and there is substantial evidence to support either the verdict or the finding. (*Hardy v. Ward,* 31 Ida. 1, 168 Pac. 1075; *Casady v. Stuart,* 29 Ida. 714, 161 Pac. 1026; *Hemphill v. Moy,* 31 Ida. 66, 169 Pac. 288; *Brown v. Hardin,* 31 Ida. 112, 169 Pac. 293; *Fleming v. Benson,* 32 Ida. 103, 178 Pac. 482; *Lisenby v. Intermountain State Bank, ante,* p. 101, 190 Pac. 355.)

The judgment is affirmed. Costs awarded to respondent.

Morgan, C. J., and Rice, J., concur.