(No. 7008. July 3, 1942.)

JOSEPH W. PICKERD, a minor, by and through his guardian, Zella Pickerd, Respondent, v. KATHRYN DAHL, Appellant, KATHRYN DAHL, Administratrix of the Estate of Lucy M. Pickerd, Deceased, Intervenor and Appellant.

[127 Pac. (2d) 759.]

J. H. Felton for appellant.

J. M. O'Donnell for respondent.

HOLDEN, J.—December 29, 1940, the First Bank of Troy issued a certificate of deposit to Lucy M. Pickerd or Joe Pickerd, in the following words and figures:

"CERTIFICATE OF DEPOSIT
  FIRST BANK OF TROY
    92-212                                    $2,950.00
    Troy, Idaho, Dec. 29-40.                  No. 16076

Lucy M. Pickerd has deposited in this bank FIRST BANK OF TROY, $2,950. & 00 Cts. Dollars payable to the order of Self or Joe Pickerd in current funds on return of this certificate properly endorsed, 6-12 months after date with 2½ percent interest per annum for the time specified only.

F. O. BROCKE,

NOT SUBJECT TO CHECK                                    Cashier."

March 30, 1941, Lucy Pickerd died. Thereafter Joseph W. Pickerd, a minor, by and through his guardian, Zella Pickerd, commenced this action in claim and delivery for the possession of the certificate or the value thereof in case delivery could not be had. October 16, 1941, Kathryn Dahl, a daughter of Lucy M. Pickerd, having been appointed administratrix of the estate of Lucy M. Pickerd, petitioned for leave, and leave was granted, to such administratrix, to file, and she did file, a complaint in intervention. December 17, 1941, the cause was tried by the court, sitting with a jury. December 19, 1941, the jury returned its verdict in favor of plaintiff and respondent. December 23, 1941, judgment was entered on the verdict, from which Kathryn Dahl appealed, both individually and in her representative capacity as administratrix.

At the close of the evidence, the court, among other instructions, gave Instruction No. 7, instructing the jury that:

"Where one competent party, voluntarily and without compensation, transfers property to another with the intent on the part of the giver to divest said giver of title thereto and to place such title in the recipient of such property, such transaction constitutes a gift and the recipient of such property takes all of the title formerly held by the giver. To constitute a gift of a certificate of deposit, there must be an intentional delivery of the possession of such certificate, either actual or constructive, so as to place such property under the domination and control of the recipient to the exclusion of future domination or control by the giver. Delivery of property, the subject matter of a gift, may be shown by showing actual physical delivery of the property or by facts and circumstances admitted in evidence showing an intention on the part of the giver to place in the recipient of the gift immediate, absolute and exclusive domination and control of the property. Where the essential elements

of a gift appear by a preponderance of the evidence, then it is not necessary that the giver of a certificate of deposit indorse (that is write his or her name upon) such certificate of deposit.

"You are instructed that it is incumbent upon the plaintiff, Joseph W. Pickerd, to prove all of the essential elements of a gift, as in these instructions defined, by a preponderance of the evidence; otherwise, he cannot recover.

"If you find from all of the evidence that Lucy M. Pickerd placed the money represented by the certificate of deposit here in question in the Bank of Troy and at said time, or thereafter at a time when the said Lucy M. Pickerd was competent to make a gift, declared that such money was so placed in the bank with the intent and purpose that such money should belong to the plaintiff and the certificate of deposit turned over to him in the event she became incapacitated or otherwise incapable of transacting business prior to her death, and if you further find that the said Lucy M. Pickerd did prior to her death so become incapacitated, then, I instruct you that you may consider such acts and declarations on the part of the said Lucy M. Pickerd in determining the question of whether or not it was her intent and purpose of such acts and declarations to place such certificate of deposit and the money represented thereby out of her domination and control and under the domination and control of the said plaintiff immediately upon the occurrence of such incompetency or physical incapacity of the said Lucy M. Pickerd. I further instruct you that if you find from all of the evidence and by a preponderance thereof that all of the elements of a gift, as in these instructions defined, existed at a time when Lucy M. Pickerd was mentally competent to make a gift, and that it was her intent and purpose that upon the happening of her mental incapacity or other physical inability to handle her affairs during her lifetime that domination and control of said deposit and the certificate representing said deposit should immediately pass from Lucy M. Pickerd to the plaintiff, Joseph W. Pickerd, then, I instruct you that such evidence is sufficient to show such a delivery as would support a gift."

Appellant insists the instruction is erroneous, in that, in effect, the court thereby instructed the jury that a gift might, "without delivery and acceptance, become complete upon the happening of a contingency."

On the other hand, respondent contends the trial court, by such instruction, "specifically said that where all the essential elements of a gift appear by a preponderance of the evidence, the jury could then consider the acts and declarations of the donor in determining the *intent of the said donor*."

It will be noted that, in the first paragraph of instruction No. 7, the court, in substance, instructed the jury that, to constitute a gift of the certificate of deposit, there must be an immediate, intentional, voluntary delivery of possession so as to place it under the domination and control of the recipient, to the exclusion of future domination or control of the giver, "with the intent on the part of the giver to divest said giver of title thereto and to place such title in the recipient of such property"; and it will also be observed that, in the last paragraph. of the instruction, the court simply, and we conclude correctly, instructed the jury that it could, in determining whether it was the "intent and purpose" of the said Lucy M. Pickerd to give the certificate to respondent, take into consideration her acts in placing the money in the Bank of Troy and in procuring the certificate, as well as her declarations that, in the event, prior to her death, she became "incapacitated or otherwise incapable of transacting business," the "money should belong to the plaintiff and the certificate of deposit turned over to him."

During the course of the trial, respondent testified, in effect, that his grandmother, Lucy M. Pickerd, told him where the certificate in question was and directed him to go and get it; that it was his; and that he was to put it away and keep it, and use it to finish his education. Appellant, as we understand her, contends that respondent is prosecuting this action against the estate of Lucy M. Pickerd, deceased, upon a claim or demand against the estate; hence, that the above mentioned testimony was not competent under sec. 16-202, I.C.A. The pertinent part of that section provides that:

"The following persons can not be witnesses:

1. . . . .

2. . . . .

3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted against an executor or administrator, upon a

claim or demand against the estate of a deceased person, as to any communication, or agreement, not in writing, occurring before the death of such deceased person."

■ There is no merit in appellant's contention, in that this is not an action upon a claim or demand against an estate. (*Cunningham v. Stoner*, 10 Ida. 549, 561, 79 Pac. 228; *Bertleson v. Van Deusen Bros. Co.*, 37 Ida. 199, 202, 217 Pac. 983.) This is an action in claim and delivery to recover the possession of the certificate in question or its value in case delivery can not be had. If, as claimed by respondent and found by the jury, Lucy M. Pickerd gave the certificate to him, the Pickerd estate could not be liable to respondent thereon in any sum or amount. In other words, under the circumstances just stated, the certificate could not, by any stretch of the imagination, constitute a claim or demand against the estate.

■ It is also contended that, as a matter of fact, Lucy M. Pickerd was insane and incompetent at the time respondent claims she gave him the certificate. Where, as here, there is a substantial conflict in the evidence on the question as to whether Lucy M. Pickerd was, or was not, incompetent, the verdict of the jury will not be disturbed. (*State v. Snoderly*, 61 Ida. 314, 318, 101 Pac. (2d) 9; *Harp v. Stonebraker*, 57 Ida. 434, 65 Pac. (2d) 766; *Bachman v. Reynolds Irr. Dist.*, 56 Ida. 507, 55 Pac. (2d) 1314; *Mitchell v. Atwood*, 55 Ida. 772, 47 Pac. (2d) 680; *Duthweiler v. Hanson*, 54 Ida. 46, 28 Pac. (2d) 210; *Intermountain Assn. v. N. H. Hallstrom Coal Co.*, 53 Ida. 151, 22 Pac. (2d) 686; *Markham v. Davy*, 42 Ida. 545, 247 Pac. 12; *Black v. Black*, 33 Ida. 226, 191 Pac. 353; *Lisenby v. Intermountain State Bank*, 33 Ida. 101, 190 Pac. 355; *Consolidated Interstate-Callahan Min. Co. v. Morton*, 32 Ida. 671, 187 Pac. 791; *Fleming v. Benson*, 32 Ida. 103, 178 Pac. 482; *Brown v. Hardin*, 31 Ida. 112, 169 Pac. 293; *Hemphill v. Moy*, 31 Ida. 66, 169 Pac. 288; *Hardy v. Ward*, 31 Ida. 1, 168 Pac. 1075; *Casady v. Stuart*, 29 Ida. 714, 161 Pac. 1026; *Miller v. Blunck*, 24 Ida. 234, 133 Pac. 383; *Salisbury v. Spofford*, 22 Ida. 393, 126 Pac. 400; *Tomsche v. Hummel*, 18 Ida. 23, 108 Pac. 343; *Hutchinson v. Watson Slough Ditch Co.*, 16 Ida. 484, 101 Pac. 1059; 133 Am. St. 125; *City of Pocatello v. Bass*, 15 Ida. 1, 96 Pac. 120; *Miller v. Donovan*, 13 Ida. 735, 92 Pac. 991, 13 Ann. Cas. 259; *Heckman v. Espey*, 12 Ida.

755, 88 Pac. 80; *Spaulding v. Coeur d'Alene Ry., etc. Co.*, 5 Ida. 528, 51 Pac. 408.)

It follows, from what has been said, that the judgment must be affirmed, and it is so ordered, with costs to respondent.

Givens, C. J., Budge and Ailshie, J.J., and Featherstone, D. J., concur.

Morgan, J., deeming himself disqualified, did not sit at the hearing nor participate in this decision.