## The People of the State of Illinois, Appellees, v. James W. Templeman et al., Appellants.

1. BONDS—*burden of proof to show fraud by public official.*  If it is alleged that a public official has by fraud obtained money which he has not earned the burden to establish such fraud is upon the plaintiff.

2. EVIDENCE—*when rule that plaintiff not required to prove negative allegation does not apply.*  While the rule is that the plaintiff is not required to prove a negative allegation where the knowledge of it lies peculiarly within the knowledge of the other party yet such rule does not apply where the allegation is that the public official obtained money by making a representation that he had rendered services where he had not in fact done so.

Action of debt.  Appeal from the Circuit Court of Wayne county; the HON. WILLIAM H. GREEN, Judge, presiding.  Heard in this court at the October term, 1911.  Reversed and remanded.  Opinion filed March 21, 1912.

D. G. THOMPSON, for appellants.

B. E. THOMAS and H. S. BURGESS, for appellees.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This was an action of debt against appellant Temple-

288          Appellate Courts of Illinois.

The People of the State of Illinois v. Templeman, 169 Ill. App. 287.

man and the sureties on his official bond executed by him as superintendent of schools in Wayne county to which office he was elected and qualified in November, 1902. He served until the expiration of his term in December, 1906.

The breach alleged in the declaration was that Templeman did not faithfully discharge the duties of his office according to law, but that he made false reports to the county board to the number of 622 days he spent in visiting schools, and thereby induced the board to audit fraudulent bills in his favor for that amount for expenses, which the county clerk certified to the auditor of public accounts for payment, and that the auditor issued his warrants to Templeman in the sum of $622, all of which were fraudulent, and that said Templeman had not visited the schools any of the 622 days for which he was paid. Several pleas were filed among which were pleas of performance and *non damnificatus*. The cause was tried by a jury and resulted in a verdict and judgment against appellants for the sum of $622 damages, from which this appeal is prosecuted.

On the part of appellee the evidence disclosed that during his term requisitions were made by Templeman from time to time upon the auditor of public accounts for divers sums for expenses claimed by Templeman to have been earned by him in visiting schools, amounting in the aggregate to the sum of $642. These requisitions were approved by the county board of supervisors and warrants were issued by the auditor to Templeman and he received the money.

It was and is claimed by appellee in support of the breach alleged in the declaration, that Templeman during his term visited the schools but 20 days; and that $622 of the moneys received by him were not earned but were obtained by him by false and fraudulent reports to the county board upon which the claims were audited by the board and certified by the county clerk.

Templeman was sworn and testified that a book

shown him was one of the books kept by him for school visitation in Wayne county; that the book was a memorandum of his visits to the schools; that he kept other memorandum books of the kind until he made his annual reports to the county board, and after they were passed on by the board they were destroyed because of some personal things contained in them about teachers; that the book shown him was only one of the books in which he made memoranda and did not contain all the visits he made. This book shows twenty visits and is the only book or memoranda of Templeman showing visits appearing in the evidence; none other having been found by his successor. When asked by his successor in office for the record which would correspond with his reports of visits, Templeman said the one memorandum book above mentioned was the only one he had. It appears from the testimony of members of the county board that Templeman made quarterly reports of the number of visits without specifying the particular schools which were sworn to by him, approved by the claims committee, and allowed by the board, and at one time he was requested to go before the board to make a statement concerning the number of days he had visited schools which he did, but presented no book containing an account of his visits and his report was partially approved.

It is apparent the county board was satisfied with his reports to the extent they were approved and allowed.

Appellee introduced the memorandum book of Templeman which shows a number of visits of particular schools, during his term, and there is undisputed evidence that he visited enough other schools to credit him with at least fifty or sixty days of visits including the number shown by the book introduced by appellees.

Templeman did not make such reports to the board

290     APPELLATE COURTS OF ILLINOIS.

The People of the State of Illinois v. Templeman, 169 Ill. App. 287.

as the law required but this circumstance is not of itself sufficient to show his reports were false. It was his duty to make such reports and the board should have required them, but this of itself is not sufficient proof the reports he did make and which were allowed were false and fraudulent. Neither is the additional fact that he kept no book of his visits in the nature of a record, as the law did not require him to keep such book. In this action where fraud is charged the burden is upon appellee to prove that averment. The law does not in this case require of appellants that they prove visits charged by Templeman, but the burden is cast upon appellee to prove the breach alleged that he did not make the visits.

It is the rule that in suits upon official bonds if it .is shown that public moneys have come to the hands of the principal which he has not accounted for or turned over to his successor, the burden of showing why he has not accounted for it or turned it over is upon the principal and sureties on the bond. Estate of Ramsey v. The People, 97 Ill. App. 283. It is the rule also that the plaintiff is not required to prove a negative allegation where the knowledge of it lies peculiarly within the knowledge of the other party but the burden of proof is in such case upon the defendant. We are of opinion this rule of evidence does not apply here and that the burden is upon appellee to prove the fraud charged in the declaration. Greenleaf on Ev., Vol. 1, 9th ed., Sec. 80.

The evidence fails to show how many of such visits he failed to make but does show affirmatively as far as it goes that he was so employed more than twenty days which the verdict allowed him out of a total of six hundred and forty-two.

The evidence shows there were one hundred and sixty schools with one hundred and ninety-five teachers in the county, less than one-third of whom testified

concerning Templeman's visits. As to how many days he was employed, if any, in visiting the other schools the evidence is silent. The evidence also shows it was possible for him to have made the visits for which he charged during his term. For such as he made he would be entitled to pay at the rate of one dollar per day. If he has been paid more, either through fraud or mistake, the appellee has the right to recover it back, but the evidence in this record does not support the verdict and judgment, and the court erred in not allowing appellants' motion for a new trial.

It is not necessary to consider the other errors assigned.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*