(May 14, 1920.)

JOHN P. CLIFFORD, THOMAS J. WILLIAMS and FANNIE PASKINS, Executors of the Estate of CHARLES WILLIAMS, Deceased, Appellants, v. C. W. LAKE, Administrator of the Estate of ELIZA B. WILLIAMS, Deceased, Respondent.

[190 Pac. 714.]

HUSBAND AND WIFE—COMMUNITY PROPERTY—EVIDENCE—CONFLICT OF EVIDENCE.

1. All property acquired by either spouse during coverture is presumed to be community property, and the burden of proof

---

1. For authorities on what constitutes community property, see notes in 86 Am. Dec. 628; 126 Am. St. 100.

Authorities passing on the question as to whether secret profits accruing during marriage in connection with property belonging to separate estate of either spouse is community property are collated in a note in 31 L. R. A., N. S., 1092.

rests upon the party who asserts it is separate property to show such fact by a preponderance of evidence.

2. The separate property of either spouse may undergo mutations and changes during the marriage relation and still retain its separate character, yet the proof to trace and identify it in its changed condition must be clear and satisfactory.

3. An appellate court will not disturb the judgment of a trial court because of conflict in the evidence, where there is sufficient proof, if uncontradicted, to sustain it.

APPEAL from the District Court of the Seventh Judicial District, for Gem County. Hon. Ed. L. Bryan, Judge.

From a judgment approving and confirming an order of the probate court, decreeing the assets of the estate of Charles Williams, deceased, to be community property, the executors of said Williams appeal. *Affirmed.*

Finley Monroe and Barber & Davison, for Appellants.

Where, at the time of the death of a party to a community, there is less estate on hand than there was at the time of the marriage, the estate will be separate in its character, as was the original capital. (*Walsh v. Walsh,* 84 Cal. 101, 23 Pac. 1099; *Lewis v. Johns,* 24 Cal. 98, 85 Am. Dec. 49.)

It is immaterial whether there was any intermingling of community and separate funds, because the commingling of funds does not charge all property with being community in character. (*Carle* v. *Heller,* 18 Cal. App. 577, 123 Pac. 815; *In re Pepper's Estate,* 158 Cal. 619, 112 Pac. 62, 31 L. R. A., N. S., 1092; *In re Bollinger's Estate,* 170 Cal. 380, 149 Pac. 995, 996.)

There is a sufficient tracing of the original capital to keep it impressed with the character of separate property. (*Walsh v. Walsh, supra.*)

It is in evidence that the house was rebuilt on the old place subsequent to the marriage, but that did not change the character of the estate. (*In re Deschamps' Estate,* 77 Wash. 514, 137 Pac. 1009; *Pereira v. Pereira,* 156 Cal. 1, 134 Am. St. 107, 103 Pac. 488, 23 L. R. A., N. S., 880.)

All of the property involved was acquired with the proceeds of separate property, and is separate property. (*Douglas v. Douglas,* 22 Ida. 336, 125 Pac. 796.)

Thos. E. Buckner and W. C. Bicknell, for Respondent.

The property in question having been acquired during coverture, long after Charles Williams and his wife, Eliza B. Williams, were married, it is presumed to be community property. (*Stowell v. Tucker,* 7 Ida. 312, 62 Pac. 1033; 26 Cent. Dig., Husband and Wife, sec. 913.) Such presumption can be repelled only by clear and decisive proof to the contrary. (*Smith v. Smith,* 12 Cal. 216, 73 Am. Dec. 533; *Meyer v. Kinzer,* 12 Cal. 247, 73 Am. Dec. 538; *Schmeltz v. Garey,* 49 Tex. 49; *Pool v. Clifford,* 78 Cal. 371, 20 Pac. 857.)

"The increase of livestock during the existence of marriage relation is community property, though it is the increase of stock which is the separate property of the husband or wife." (*Wolford v. Melton,* 26 Tex. Civ. 486, 63 S. W. 543; *Bonner v. Gill,* 5 La. Ann. 629; *Howard v. York,* 20 Tex. 670; *Bateman v. Bateman,* 25 Tex. 270; *Barr v. Simpson,* 54 Tex. Civ. 105, 117 S. W. 1041; *Moor v. Moor,* 24 Tex. Civ. 150, 57 S. W. 992; *Thorn v. Anderson,* 7 Ida. 421, 63 Pac. 592.)

Profits arising from investments of separate property are community estate, and in case the two are mingled so that they cannot be separated, the whole will be treated as community estate. (*Smith v. Bailey,* 66 Tex. 553, 1 S. W. 627; *Clift v. Clift,* 72 Tex. 144, 10 S. W. 338.)

Whether or not the evidence is sufficient to rebut the presumption that the property is community property is for the trial court. (*In re Pepper's Estate,* 158 Cal. 619, 112 Pac. 62, 31 L. R. A., N. S., 1092; *Couts v. Winston,* 153 Cal. 686, 96 Pac. 357.)

REDDOCH, District Judge.—The record shows that Charles Williams and Eliza B. Williams intermarried in

Idaho in 1887. At the time of the marriage Charles Williams owned one hundred and twenty acres of land near Treasureton, Idaho, a herd of cattle and about fifteen horses. The testimony on behalf of appellants shows that the herd of cattle consisted of about one hundred head, while that on behalf of respondent shows that it did not exceed fifty in number. There is no showing as to the value of the land or cattle at the time of the marriage. Soon after the marriage Charles Williams homesteaded one hundred and sixty acres, adjoining the one hundred and twenty acres owned by him at the time of the marriage; he afterward traded thirty acres of the original one hundred and twenty acre tract and made improvements on the remaining ninety acres by remodeling the dwelling-house, building a granary and rebuilding the stables thereon; eighty acres of the homestead tract was deeded to Thomas J. Williams, a son of Charles Williams by a former marriage, upon the understanding and agreement that the son was to remain at home and assist his father upon the farm from the time he was nineteen years of age until he was twenty-one; after this transfer the real estate of Williams consisted of the ninety acres remaining of the original tract and eighty acres of the homestead tract, upon which he resided with his wife and used as a farm; about seventy acres of the original tract was in cultivation, on which crops of hay and grain were raised, which was used to feed the stock, and any surplus remaining sold from time to time; shortly after the marriage Williams began selling off the original herd of cattle, together with the increase, selling no considerable number at any one time, and after about five years he accumulated $1,000, which was deposited in a bank at Logan, Utah; some of this deposit was withdrawn at times, being used and loaned, and other deposits made; about the year 1903, or 1904, Williams and wife sold the one hundred and seventy acre farm for the sum of $2,500, which amount, together with $1,000 in the bank at Logan, Utah, and a small amount of personal property, constituted all their assets. On or about the dates last aforesaid they purchased fifteen

acres of land near Emmett, Gem county, Idaho, the deed to which was taken in the name of Charles Williams, and erected a dwelling thereon, where they afterward resided until about the time of their death. The purchase price of the real estate, and the cost of constructing the buildings thereon, represented an expenditure of $1,925, and at the time of his death Williams left $626 in money and notes. It is this tract of land and personal property which is involved in this action.

Charles Williams died on June 6, 1912, leaving him surviving his wife and several children by a former marriage, and thereafter, on November 30, 1912, Eliza B. Williams died, leaving her surviving a daughter by a former marriage. The probate court decreed that all property in the hands of the executors of the estate of Charles Williams, deceased, was community property, and ordered that it be distributed as such, which decree and order was affirmed by the district court, from which this appeal is prosecuted. The principal issue in this case is whether or not the assets of the estate of Charles Williams, deceased, are separate or community property, or, if mixed, what portions are separate and what portions community.

C. S., sec. 4659, provides all property owned by the husband before marriage, and that acquired by gift, bequest, devise or descent is his separate property, and sec. 4660 provides all other property acquired after marriage by either husband or wife, including rents and profits of the separate property of the husband and wife, is community property. The property in question having been acquired during coverture is presumed to be community property, and the burden of proof rests on the party who asserts that it is separate property to show such fact by a preponderance of the evidence. (*Humbird Lumber Co. v. Doran,* 24 Ida. 507, 135 Pac. 66; *Chaney v. Gauld Co.,* 28 Ida. 76, 152 Pac. 468; 21 Cyc. 1653; 5 R. C. L. 849; 6 Ency. Ev. 826, 827.)

The separate property of either spouse may undergo mutations and changes during the marriage relation and still retain its separate character, yet the proof to trace and

identify' it in its changed condition must be clear and satisfactory. (*Ahlstrom v. Tage,* 31 Ida. 459, 174 Pac. 605.)

Appellants contend that only $250 of the $3,500 owned by the deceased and his wife at the time of the sale of the farm was community property. This was sought to be shown by the relative value of the original ninety acre tract and the homesteaded tract which is admitted to be community property at the time of the sale. Evidence was offered tending to show that said tracts were worth $2,250 and $250, respectively. It is also contended that the thousand dollars on deposit in the bank at Logan, Utah, at the time of the sale of the farm, was the proceeds of the sale of cattle which the deceased, Charles Williams, owned at the time of the marriage, and therefore separate estate. The record discloses no effort on the part of the deceased, Charles Williams, and his wife to keep the community funds distinct from the separate property of the husband. It also discloses that the income from the separate and community property was mixed and mingled by them without any idea of keeping the separate property of the husband distinct from the community accumulations. The facts disclosed by the record and legitimate inferences to be drawn therefrom bring this case within the rule that "an appellate court will not disturb the judgment of the trial court, because of conflict in the evidence, where there is sufficient proof, if uncontradicted, to sustain it." (*Sweeten v. Ezell,* 30 Ida. 154, 163 Pac. 612; *Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481; *Lambrix v. Frazier,* 31 Ida. 382, 171 Pac. 1134; *Wallace v. Hartford Fire Ins. Co.,* 31 Ida. 481, 174 Pac. 1009; *Labonte v. Davidson,* 31 Ida. 644, 175 Pac. 588; *Fleming v. Benson,* 32 Ida. 103, 178 Pac. 482.)

We find no error in the record sufficient to reverse the judgment, and it is therefore affirmed, with costs to respondent.

Morgan, C. J., and Budge, J., concur.