(December 11, 1920.)

GEORGE L. BAFUS, Appellant, v. JOSIAH PEEPER, Respondent.

[194 Pac. 96.]

APPEAL AND ERROR—CONFLICT IN EVIDENCE.

An appellate court will not disturb the verdict of a jury or the judgment of a trial court because of conflict in the evidence when there is sufficient proof, if uncontradicted, to sustain it.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. R. N. Dunn, Judge.

Action for an accounting and for half of the profits on purchase and sale of an interest in a mine. Judgment for defendant. *Affirmed.*

Edward H. Berg and Robertson & Miller, for Appellant, cite no authorities on point decided.

Potts & Wernette, for Respondent.

Findings of fact by the court and judgment thereon, based on evidence substantially conflicting, will not be disturbed on appeal. (*Spaulding v. Coeur d'Alene Ry. etc. Co.*, 5 Ida. 528, 51 Pac. 408; *Heckman v. Espey*, 12 Ida. 755, 88 Pac. 80; *Miller v. Donovan*, 13 Ida. 735, 13 Ann. Cas. 259, 92 Pac. 992; *City of Pocatello v. Bass*, 15 Ida. 1, 96 Pac. 120; *Hutchinson' v. Watson Slough Ditch Co.*, 16 Ida. 484, 133 Am. St. 125, 101 Pac. 1059; *Tomsche v. Hummel*, 18 Ida. 23, 108 Pac. 343; *Flynn Group Mining Co. v. Murphy*, 18 Ida. 266, 138 Am. St. 201, 109 Pac. 851; *Salisbury v. Spofford*, 22 Ida. 393, 126 Pac. 400; *Miller v. Blunck*, 24 Ida. 234, 133 Pac. 383.)

Where there is evidence to support the finding of the court and the judgment, the judgment will not be reversed. (*Brown v. Grubb*, 23 Ida. 537, 130 Pac. 1073; *Brinton v. Steele*, 23 Ida. 615, 131 Pac. 662; *Morris-Roberts Co. v. Mariner*, 24 Ida. 788, 135 Pac. 1166.)

MORGAN, C. J.—This action was commenced for an accounting and to recover half of the net profits on the purchase and sale of an interest in a mine which was bought and sold by respondent at a time when, appellant contends, there existed an agreement for an equal division between them of any profits which might arise from the deal.

According to the theory of appellant the consideration for the agreement was $10 which, evidence introduced on his behalf tends to show, he advanced to respondent with which

to pay the expenses of the latter while engaged in the enterprise, the transaction being sometimes referred to as a "grubstake."

There is a direct conflict in the evidence. Respondent denied any agreement ever existed between the parties to share the profits, and introduced evidence tending to show the $10 in question was loaned to him by appellant's wife and was by him repaid to her.

There is ample evidence to support the findings made by the trial judge, and the case is well within the established rule to the effect that an appellate court will not disturb the verdict of a jury or the judgment of a trial court because of conflict in the evidence when there is sufficient proof, if uncontradicted, to sustain it.

The judgment is affirmed. Costs are awarded to respondent.

Rice and Budge, JJ., concur.