(December 28, 1920.)

## GUY HAYDON, Respondent, v. G. A. BRANSON ·and MILWAUKEE LUMBER COMPANY, a Corporation, Appellants.

[195 Pac. 545.]

PLEADING—LOGGING CONTRACT—PROOF—CONFLICTING MEASUREMENT—
EFFECT OF—VERDICT—MOTION FOR NEW TRIAL—SURPRISE—NEWLY
DISCOVERED EVIDENCE.

1. In an action on contract for the sale of timber at a stipulated price per thousand feet, to recover the alleged balance of the purchase price, there being no agreement that a log scale of the timber should be final, binding or conclusive upon the parties, it is proper to receive in evidence any competent proof tending to show the actual amount of timber logged, and the question of fraud in the making of the log scale is not involved.

2. In such cases, evidence of a stump scale, made after the timber has been logged off, is competent as tending to show the actual amount of timber logged, and its weight is a question for the jury.

3. When there is substantial evidence to sustain a verdict, it will not be disturbed on appeal because of conflict.

. 4. Surprise as gronud for a new trial cannot be predicated upon the admission of proof which is competent, relevant and material to the issues raised by the pleadings.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. William W. Woods, Judge.

Action on contract for the sale of timber. Judgment for plaintiff and order denying a new trial. Judgment and order *affirmed.*

E. N. La Veine and Cannon & Ferris, for Appellant.

Where contract does not fix mode of measurement and there is no statute, the measurement should be made by the customary standard. (Kinney, Essentials of American Tim-

ber Law, secs. 141, 142; 17 R. C. L. 1102; *Destrehan v. Louisiana Co.*, 45 La. Ann. 920, 40 Am. St. 265, 13 So. 230; *W. T. Smith Lbr. Co. v. Jernigan*, 185 Ala. 125, Ann. Cas. 1916C, 654, 64 So. 300.)

The scale made in the manner or by the person contemplated by the contract will be enforced as final unless fraud or substantial mistake be shown. (*Bailey v. Blanchard*, 62 Me. 168; *Madunkeunk, D. & I. Co. v. Allen Co.*, 102 Me. 257, 66 Atl. 537; *Manufacturers' Bank v. Hollingsworth*, 106 Me. 326, 76 Atl. 880.)

In the absence of agreement as to measurement, the statute should control. (*Johnson v. Burns*, 39 W. Va. 658, 20 S. E. 686.)

In the absence of clear and convincing proof of either fraud or mistake, respondent is bound by the written scale reports. (33 Cent. Dig., Logs and Logging, sec. 21; 12 Dec. Dig., Logs and Logging, sec. 10; *Usrey Lumber Co. v. Huie-Hodge Co.*, 135 La. 511, 65 So. 627; *Atwood v. Maine Co.*, 103 Me. 394, 69 Atl. 622; *Nadeau v. Pingree*, 92 Me. 196, 42 Atl. 353.)

Featherstone & Fox and James A. Wayne, for Respondent.

Mr. Lusk's stump scale was ample legal proof of such a discrepancy as would justify the inference of fraud or mistake. (*Sullivan v. Ross' Estates*, 124 Mich. 287, 82 N. W. 1071.)

Evidence of great discrepancy between the scale and other proof of timber actually logged should be admitted as proof of fraud, unfair dealing or mistake, and as being of sufficient probative value in itself to warrant the jury in disregarding the scale made by the persons agreed upon. (*Gardner v. Wilbur*, 75 Wis. 601, 44 N. W. 628; *Ortman v. Green*, 26 Mich. 209; *Peterson v. Reichel*, 143 Mich. 212, 106 N. W. 877; *Ozan Lbr. Co. v. Haynes*, 68 Ark. 185, 56 S. W. 1068; *Robinson v. Ward*, 141 Mich. 1, 104 N. W. 373; *Eaton v. Sheehan*, 224 Mass. 82, 112 N. E. 626.)

A large discrepancy in the amount is proof of fraud or mistake sufficient to take the case to the jury. (*Breshanan v. Ross,* 103 Mich. 483, 61 N. W. 793; *Brooks v. Bellows,* 179 Mich. 421, 146 N. W. 311; *Hale v. Handy,* 26 N. H. 206.)

BUDGE, J.—In the fall of 1914, respondent, who was the owner of certain timber land on Big Creek, Shoshone county, Idaho, entered into an oral agreement with appellant Branson, under which the latter was to log all of the timber except white fir and hemlock from respondent's claim. Pursuant thereto, logging operations were conducted at two periods, first in the fall of 1914, and the second in the spring of 1915, at the end of which all of the merchantable timber had been logged off the claim and shipped. The contract, an interpretation of which is one of the chief sources of dispute in the case, and which shows the connection of appellant Milwaukee Lumber Company with the transaction involved herein, is best exemplified by a letter from the latter company to respondent, admitted in evidence as plaintiff's exhibit "B," which reads as follows:

"St. Maries, Idaho, April 9, 1915.
"Mr. Guy J. Haydon,
    "Kennewick, Washington.
"Dear Sir:
    "Relative to your timber located on Big Creek which Mr. Branson contemplates logging, will say that if it is satisfactory with you for him to log this, that we will see that your stumpage is paid for, that is, that we will deduct the stumpage value before paying Mr. Branson, or stand responsible for the stumpage value of the timber that is cut and removed, on the basis of $2.00 per M ft for the White Pine, and $1.00 per M ft for the Cedar and other mixed timber as shown by log scale, and ½ cent per lineal foot on Cedar Poles, and pay you on the 10th of each month for all logs and poles cut and loaded the previous month.

It is understood that there is to be no Hemlock or White Fir cut.

"Yours very truly,

"MILWAUKEE LUMBER COMPANY,

"By A. V. BRADRICK,

"Secretary.

"Accepted:

"By G. J. HAYDON."

This is an action upon the contract to recover an alleged balance of $5,327.34, it being alleged in the complaint that Branson received, cut and removed from the land a total of 5,357,000 ft., of which 3,374,910 ft. was white pine and 1,982,090 ft. was mixed cedar, fir and tamarack. The answer put in issue the allegations of the complaint, and alleged that the amount of timber cut by Branson and delivered to the lumber company was 1,339,400 ft. of white pine, 663,940 ft. of mixed cedar, and 12,366 linear feet of cedar poles, for which it was alleged the total amount due respondent had been paid.

The case was tried to a jury and a verdict was returned in favor of respondent for the balance prayed for in the complaint and judgment entered therefor. A motion for new trial was denied. This appeal is from the judgment and from the order overruling the motion for a new trial.

Numerous specifications of error have been assigned, but a separate discussion thereof will be unnecessary.

The evidence on behalf of respondent tended to show that by a stump scale of the timber logged off of the land, 3,374,910 ft. of white pine and 1,982,090 ft. of mixed cedar, fir and tamarack, had been cut and removed. The allegations of the complaint as to the amount of timber were sustained as alleged in the complaint. The evidence on behalf of appellants showed that according to their log scale 1,339,400 ft. of white pine and 663,940 ft. of mixed cedar, fir and tamarack, had been scaled out of the logs taken by appellants as merchantable timber; a discrepancy of 2,035,510 ft. in the white pine and 1,318,150 ft. in the mixed cedar, fir and tamarack. In other words, appellants' log

scale accounts for only about one-third of the timber shown by respondent's stump scale to have been cut and removed. Thus a direct conflict in the evidence was presented to the jury to be settled by their verdict.

The assignment predicating error upon the ruling of the trial court denying their motion for a directed verdict, made at the close of all the evidence in the case, gives rise to appellants' main contention that "When parties have agreed upon a scaler to scale logs they will, in the absence of fraud or mathematical mistake, be bound by his scale." But neither the pleadings nor the proof support the theory that it was agreed that the findings of those who were to make the scale should be final, binding or conclusive on the parties. The case, therefore, does not fall within the rule, if such it be, contended for by appellants. Under the contract alleged and proved it was proper to receive any competent proof tending to show the actual amount of timber logged thereunder. In principle the case falls within the rule stated by this court in *Smith v. Faris-Kesl Construction Co.*, 27 Ida. 407, 150 Pac. 25, and quoted with approval in *Maney v. Idaho Construction Co.*, 30 Ida. 111, at 117, 163 Pac. 297, as follows:

"In the contract here under consideration it was not stipulated that the estimates of the engineer should be final, binding or conclusive upon the parties; therefore, the allegations of fraud in the complaint were immaterial and the estimates of the engineer were subject to attack for inaccuracy, and it was proper for the trial court to consider all the evidence offered and admitted touching the amount, character and classification of material handled by respondent in the construction of the canal."

Respondent was not suing appellants because of any fraud or mistake in their log scale. He was suing for the balance of the purchase price of his timber. The timber was gone. It was no longer possible to make any scale of the timber except a stump scale, and respondent, availing himself of this method of ascertaining the amount of timber taken

from his land, discovered that he had only been paid for approximately one-third of his timber.

Appellants seek to discredit the testimony of respondent's witness Lusk, who made the stump scale, but as his testimony was competent, it is only necessary to observe that its weight and credibility was a question for the jury, and the verdict of the jury has settled this question adversely to appellants' contention. The evidence, therefore, shows that the log scale accounts for approximately only one-third of the timber logged. Appellants attempted to account for this difference by deductions made by the log scalers, but the evidence clearly shows and the jury found that such a discrepancy cannot be accounted for in this manner.

Appellants also contend in this connection that under the contract they were only to pay for such logs as were cut and loaded. An examination of the contract, however, shows this contention to be without merit, for under the contract appellants were to stand responsible for the stumpage value of the timber cut and removed and see that it was paid for, the material language of the contract pertinent thereto being as follows:

" .... we will see that your stumpage is paid for, that is, that we will deduct the stumpage value before paying Mr. Branson, or stand responsible for the stumpage value of the timber that is cut and removed, on the basis of $2.00 per M ft. for the White Pine, and $1.00 per M ft. for the Cedar and other mixed timber as shown by log scale, .... "

The reference in the contract to payments on the 10th of each month "for all logs and poles cut and loaded the previous month" merely provided a basis of computation upon which the monthly payments were to be made. Moreover, the evidence on behalf of respondent establishes the fact that the timber was not only cut but taken, and any contention that appellants, whom the record shows to be experienced in the timber and lumber business, would cut over five and a third million feet of timber, two-thirds of which was not merchantable, is so inherently unreasonable as to be unworthy of serious consideration.

As to the affidavits presented upon the motion for a new trial, appellants claim that they were surprised by reason of the fact that upon the trial the court required them to meet proof of the stump scale. This contention is obviously without merit. Their next claim in this connection is that a purported stump scale made after the trial discloses newly discovered evidence which they could not with reasonable diligence have discovered and produced at the trial. That the evidence could have been discovered and produced at the trial is too patent for comment, and the only excuse appellants offer for not procuring and producing it upon the trial is their unfounded claim of surprise already referred to.

We find no merit in any of the assignments predicating error upon the giving or refusal to give instructions.

Finding no reversible error in the record, the judgment and order appealed from are affirmed. Costs are awarded to respondent.

Morgan, C. J., and Rice, J., concur.

Petition for rehearing denied.