(August 1, 1921.)

## FRUITLAND STATE BANK, a Corporation, Respondent, v. J. A. LAUER, Appellant.

[200 Pac. 127.]

CONFLICT OF EVIDENCE—JUDGMENT.

Where there is a conflict in the evidence, the judgment of the trial court will not be disturbed when the proof is sufficient, if uncontradicted, to sustain it.

APPEAL from the District Court of the Seventh Judicial District, for Payette County.   Hon. Isaac F. Smith, Judge.

Action on promissory note. Judgment for plaintiff. *Affirmed.*

Ed R. Coulter and F. H. Lyon, for Appellant, cite no authorities.

O. M. Van Duyn and Frank T. Wyman, for Respondent.

"An appellate court will not disturb the judgment of a trial court, because of conflict in the evidence, when there is sufficient proof, if uncontradicted, to sustain it." (*Lyons v. Lambrix,* 33 Ida. 99, 190 Pac. 356; *Clifford v. Lake,* 33 Ida. 77, 190 Pac. 714; *Black v. Black,* 33 Ida. 226, 191 Pac. 353; *Bafus v. Peeper,* 33 Ida. 324, 194 Pac. 76; *Haydon v. Branson,* 33 Ida. 368, 195 Pac. 545.)

BUDGE, J.—This is an action by respondent upon a promissory note for $1,700, executed and delivered to it by appellant on June 7, 1916.

In his answer, appellant admitted the execution and delivery of the note, but alleged that at the time of its execution, and of the execution of a former note of which the note sued upon is a renewal, respondent verbally agreed that if appellant would execute said note as an accommodation to it, respondent would never demand payment thereof, which agreement was falsely and fraudulently made, with intent to defraud and injure appellant, and that relying on said agreement appellant executed and delivered said note.

The cause was tried to the court without a jury, and the court made findings and rendered its judgment in favor of respondent, from which this appeal is taken.

There is but one assignment of error which we are called upon to consider, viz., that the evidence was insufficient to justify the verdict.

Upon the trial, appellant testified in substance that the Fruitland State Bank was carrying a note of one Applegate

for $4,200; that their surplus had become reduced so that they were unable to carry an individual loan of more than $2,500; that the cashier of respondent bank visited the Payette National Bank, of which appellant was a director, and advising him of this fact, requested appellant to give his note for $1,700, stating that he would take Applegate's note for the same amount and put it in the pouch and hold appellant harmless; that appellant gave his note as requested; that Applegate was indebted to appellant; that Applegate had theretofore given appellant his note for $8,500, which the latter had sold to the Payette National Bank; and that he did not know whether a part of this loan had been shifted to the Fruitland State Bank.

Witness Frank E. Haasch, cashier of respondent bank, testified that note No. 595 for $1,700 was given by J. A. Lauer, and an unnumbered note for the same amount by Applegate, on July 27, 1911; that the latter note was a collateral note; that these notes were renewed from time to time; but that the Applegate note is no longer in the bank.

Ross Kennedy, who was cashier of respondent bank from January, 1915, to January, 1918, testified that at the times of renewal of the Lauer note neither he nor any officer of the bank authorized any person to say to Mr. Lauer that he would not have to pay his note; that he was present at all meetings of the board of directors of the bank during the period of his employment there, and there was no resolution authorizing Mr. Lauer to be relieved from the obligation of his note; and that appellant had given interest notes and paid interest on his prior notes, of which the note sued upon is a renewal.

To the same effect was the testimony of H. R. Russell, who was assistant cashier of respondent bank from April, 1911, to November, 1916.

The court found that the note in question was given for a valuable consideration, and not for the accommodation of respondent with any understanding or agreement that appellant would not be called upon to pay it; that respondent

did not agree never to demand payment of said note; that respondent did not make any false, untrue, and fraudulent statements regarding said note, with intent to defraud or injure appellant; that appellant did not rely on any such statements and was not injured thereby; that no part of said note nor any interest thereon had been paid, and that the same was due and owing from appellant to respondent.

Aside from the question whether parol testimony with respect to a collateral agreement entered into at the time of the giving of the original Lauer note was admissible to avoid his obligation in this case, we are of the opinion that the record discloses a substantial conflict in the evidence. Not only is the note *prima facie* evidence of appellant's liability thereon, but appellant's own testimony does not altogether negative the inference that, if the original note was an accommodation note, it was for the accommodation of Applegate rather than the bank.

The rule is well established in this jurisdiction that where there is a conflict in the evidence, the judgment of the trial court will not be disturbed when there is sufficient proof, if uncontradicted, to sustain it. (*Haydon v. Branson*, 33 Ida. 368, 195 Pac. 545; *Bafus v. Peeper*, 33 Ida. 324, 194 Pac. 76; *Black v. Black*, 33 Ida. 226, 191 Pac. 353; *Clifford v. Lake*, 33 Ida. 77, 190 Pac. 714; *Lyons v. Lambrix*, 33 Ida. 99, 190 Pac. 356; *Darry v. Cox*, 28 Ida. 519, 155 Pac. 660.) The judgment in this case should, therefore, be affirmed, and it is so ordered. Costs are awarded to respondent.

Rice, J., and McCarthy, Dunn and Lee, JJ., concur.