(March 28, 1923.)

## WILLIAM BEDAL and JESSIE V. BEDAL, Appellants, v. FRANK SMITH and ANDREW SMITH, Respondents.

[214 Pac. 213.]

WATER RIGHT—CHANGE OF PLACE OF USE—FINDING OF TRIAL COURT ON CONFLICTING EVIDENCE NOT DISTURBED ON APPEAL — DEED, REFORMATION OF.

  Where there is a conflict in the evidence the findings and judgment of the trial court will not be disturbed when the proof is sufficient, if uncontradicted, to sustain it.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles F. Reddoch, Judge.

Action to quiet title to water and for the reformation of a deed. Judgment for defendants. *Affirmed.*

Wood & Driscoll, for Appellants, cite no authorities on point decided.

Clinton H. Hartson, for Respondents, files no brief.

BUDGE, C. J.—This is an action to quiet title to the use of certain water and for the reformation of a deed given by appellants to respondents.

From the record it appears that appellants were the owners of two tracts of land known as the Basil and the Matli or Sandlin tracts. Highland Creek divides these two tracts of land. Prior to the sale of the Basil land to respondents, in an action between Bedal and one, Alfred Percy, an owner of land above the tract owned by Bedal, a stipulated decree was entered wherein the waters of Highland Creek were decreed to Bedal and Percy as follows: The latter was adjudged to be entitled to the use of the waters of that stream to be used upon his land four days each week. The former was entitled to the use of the waters of that stream upon the Basil tract for three days out of each week so long as the flow of the stream was not less than 25 miner's inches, in which event Percy was to divert and use all of the waters of Highland Creek. Subsequent to the decree, Bedal purchased the Matli or Sandlin tract and applied a portion of the waters, decreed to him as aforesaid, upon that tract. Thereafter, in the spring of 1915 appellants, by warranty deed, transferred the Basil tract to respondents, "together with all the irrigation ditches or laterals or water rights therein belonging or in anywise appertaining thereto," and "together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining."

It is the contention of appellants that since, under the decree, they were entitled to the use of the waters of Highland Creek upon the Basil land three days out of each week so long as the flow exceeded 25 miner's inches, and having diverted a portion of said waters upon the Matli or Sandlin tract, the water became appurtenant to that tract and was in no way affected or controlled by the deed given to respondents. It is further contended that at the time the deed was given it was expressly understood by respondents that the right to the use of the waters of Highland Creek should be divided and the Matli or Sandlin tract should be entitled to the use of one-half thereof.

It is respondents' contention that under the deed and the decree, to which reference has been made, they became the

owners and were entitled to the use, upon the Basil tract, of the waters of Highland Creek three days each week so long as the flow exceeded 25 miner's inches, and that appellants are not entitled to any portion of the waters of said creek to be diverted and used upon the Matli or Sandlin tract.

The cause was tried to the court without a jury and judgment was entered in favor of respondents, from which judgment this appeal is prosecuted.

The only errors assigned that we consider necessary to determine this appeal are that the findings of fact are not supported by the evidence and that the conclusions of law are not justified by the findings. The trial court found substantially that the deed given by appellants to respondents conveyed all of the waters decreed to the Basil land in the action between Bedal and Percy and refused to reform the deed for the reason that the evidence in that regard was insufficient. We have carefully examined the entire record and find that the evidence is conflicting. However, we are satisfied that there is sufficient competent evidence to support the findings and that the findings justified the conclusions.

As was said in the case of *Woodland v. Hodson*, 35 Ida. 514, 207 Pac. 715: "Where the evidence is conflicting and there is substantial evidence to support a finding, it will not be disturbed on appeal."

See, also, to the same effect: *Viel v. Summers*, 35 Ida. 198, 209 Pac. 454; *Fruitland State Bank v. Lauer*, 34 Ida. 272, 200 Pac. 127; *Clifford v. Lake*, 33 Ida. 77, 190 Pac. 714; *Bafus v. Peeper*, 33 Ida. 324, 194 Pac. 96.

The judgment of the trial court should be affirmed, and it is so ordered. Costs are awarded to respondents.

McCarthy, William A. Lee, Dunn and Wm. E. Lee, JJ., concur.