(January 31, 1924.)

## JOHN ALFRED CRUMPACKER, Respondent, v. BANK OF WASHINGTON COUNTY, Appellant.

[223 Pac. 229.]

FRAUDULENT CONVEYANCE—EVIDENCE TO SET ASIDE—CONFLICT—FINDINGS OF FACT — EQUITY CASE — ADVISORY VERDICT — ERROR IN GIVING OR REFUSING INSTRUCTION.

1. Fraud is never presumed, but must be proved by clear and satisfactory evidence by the party asserting it; and if the facts and circumstances from which the alleged fraud is supposed to arise may reasonably consist with honest intentions, it will not be imputed.

2. In case of conflict if there is evidence in the record which, uncontradicted, would support the judgment, the judgment will be affirmed.

3. In an equity case, in which the jury acts in a purely advisory capacity, the action of the court in giving or refusing instructions will not be reviewed.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. B. S. Varian, Judge.

Suit to quiet title. Judgment for plaintiff. *Affirmed.*

Harris, Stinson & Harris, for Appellant.

Every transfer of property made with intent to defraud, hinder or delay any creditor of his demands is void as against all creditors of the debtor. (C. S., sec. 5433; *Capital Lumber Co. v. Saunders,* 26 Ida. 408, 143 Pac. 1178; *Johnson v. Sage,* 4 Ida. 758, 44 Pac. 641.)

Where a conveyance is made to defraud any one creditor it is fraudulent as to all existing creditors. (27 C. J. 506, sec. 173, note 86.)

A conveyance will be set aside where it is made with the intent to hinder, delay or defraud. (27 C. J. 504, sec. 171, note 72.)

Retention of possession by the vendor may constitute evidence of fraudulent intent, and the presumption of fraud becomes the stronger when it appears that the conveyance was made to a near relative of the grantor. (27 C. J. 596, sec. 339, note 41.)

Eldridge & Morgan and George Donart, for Respondent.

Fraud is never presumed but must be proved by clear and convincing evidence. (*Kerns v. Washington Water Power Co.,* 24 Ida. 525, 135 Pac. 70; *Nelson v. Hudgel,* 23 Ida. 327, 130 Pac. 85; *Morrson v. McCluer,* 27 Colo. App. 264, 148 Pac. 380.)

A verdict of the jury or finding of the court will not be disturbed on appeal where there is substantial

evidence to support it. (*Hayton v. Clemans*, 30 Ida. 25, 165 Pac. 994; *Holland v. Avondale Irr. Dist.*, 30 Ida. 479, 166 Pac. 259; *Davenport v. Burke*, 30 Ida. 599, 167 Pac. 481; *Hemphill v. Moy*, 31 Ida. 66, 169 Pac. 289; *Fruitland State Bank v. Lauer*, 34 Ida. 272, 200 Pac. 127; *Coffey v. Scott*, 66 Or. 465, 135 Pac. 88; *Bandle v. Commercial Bank*, 178 Cal. 546, 174 Pac. 44.)

In an equity case in which the jury acts in a purely advisory capacity the action of the court in giving or refusing instruction will not be reviewed. (*Fritcher v. Kelley*, 34 Ida. 471, 201 Pac. 1037.)

DUNN, J.—Respondent brought this action to quiet his title to certain land in Washington county that he had bought from one G. W. P. Hill and his wife, Martha A. Hill, the deed for which was executed on September 27, 1921, and filed for record on September 30, 1921. The land in controversy was burdened with a mortgage of $3,000 and some accrued interest, payment of which was assumed by respondent, and in addition respondent agreed to cancel a debt of $1,500 and about one year's interest owing to him by Hill and to pay Hill $1,500 in money, all of which respondent did, the cash payment being made in the latter part of November, 1921.

On November 4, 1921, appellant brought an action against respondent and caused an attachment to be levied on the interest that it claimed Hill to still own in this land. Thereafter judgment was entered against respondent for $9,379.95, and on appellant's proceeding to sell the land in satisfaction of the judgment lien respondent brought this action.

Appellant denies the title claimed by respondent and alleges that at the time of the conveyance to respondent Hill was insolvent, that his conveyance to respondent was made for the purpose of defrauding appellant, and that Hill's insolvency and fraudulent purpose were known to respondent at the time he received the conveyance from Hill.

The case was submitted to a jury and an advisory verdict returned as follows:

"We, the jury in the above-entitled cause, find for the plaintiff and that the premises described in the complaint belonged to the plaintiff on the 4th day of November, 1921, at 15 minutes past 3 o'clock in the afternoon of said day, and that the transfer to plaintiff of said lands, by G. W. P. Hill was without intent to hinder, delay or defraud the defendant or any creditor of the said G. W. P. Hill."

The court adopted the verdict of the jury, made findings of fact and conclusions of law in harmony therewith and entered a decree quieting the title of respondent to the land in controversy.

Appellant makes six specifications of error, five of which attack the sufficiency of the evidence. The sixth alleges error in the giving of an instruction to the jury.

Hill and respondent are brothers-in-law. At the time of conveying the land to respondent Hill was heavily in debt—probably insolvent—and very much in need of money. There is evidence tending to show that at the time of the conveyance of this land to respondent Hill stated that he desired the $1,500 which he obtained by the sale for the purpose of paying some of his creditors so that he could obtain a loan of $8,000 from the Federal Land Bank, and it is shown that the greater part, if not all, of the cash obtained by the sale was applied to the payment of creditors for such purpose and that appellant was a beneficiary thereof to the extent of about $800. The record also shows that Hill did obtain the Federal Land Bank loan for $8,000.

No evidence was offered by appellant to sustain its charge that the conveyance was without consideration, or that it was fraudulent, and there is nothing in the record to show that the consideration was in the least degree inadequate.

In the case of *Kerns v. Washington Water Power Co.,* 24 Ida. 525, 538, 135 Pac. 70, this court, in considering

the question of fraudulent conveyances, laid down this rule:

"The correct rule as to the evidence in a case of this kind and character is as follows: 'Fraud is never presumed, but must be proved by clear and satisfactory evidence by the party asserting it; and if the facts and circumstances from which the alleged fraud is supposed to arise may reasonably consist with honest intentions, it will not be imputed.' (*Allen v. Riddle,* 141 Ala. 621, 37 So. 680.)"

The evidence is ample to support the findings of the trial court, and the judgment will therefore not be disturbed because there may be a conflict. (*Bedal v. Smith,* 36 Ida. 797, 214 Pac. 213; *Harvey v. Brett,* 36 Ida. 126, 209 Pac. 209; *Viel v. Summers,* 35 Ida. 198, 209 Pac. 454; *Hayton v. Clemans,* 30 Ida. 25, 165 Pac. 994; *Holland v. Avondale Irr. Dist.,* 30 Ida. 479, 166 Pac. 259; *Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481; *Hemphill v. Moy,* 31 Ida. 66, 169 Pac. 288; *Fruitland State Bank v. Lauer,* 34 Ida. 272, 200 Pac. 127; *Fritcher v. Kelley,* 34 Ida. 471, 200 Pac. 1037.)

This is an equity case and the verdict of the jury was merely advisory. The action of the court in giving or refusing an instruction in such a case will not be reviewed. (*Fritcher v. Kelley, supra.*) This disposes of the only remaining specification of error.

The judgment is affirmed, with costs to respondent.

McCarthy, C. J., and William A. Lee and Wm. E. Lee, JJ., concur.