(No. 4902.   September 25, 1928.)

THE COUNTY OF NEZ PERCE, a Municipal Corporation, Respondent, v. C. A. WOELFLEN, Probate Judge, LOUIS D. SCHATTNER, FIDELITY DEPOSIT COMPANY, a Corporation, MARYLAND CASUALTY COMPANY, a Corporation, Appellants.

[270 Pac. 617.]

Fred E. Butler and Edward C. Butler, for Appellants.

Fred J. Babcock, for Respondent, cites no authorities on points decided.

GIVENS, J.—Respondent sued L. D. Schattner as the probation officer of the probate court of Nez Perce county; C. A. Woelflen, the probate judge of the same county; the Fidelity Deposit Company, a corporation; and the Maryland Casualty Company, a corporation (the two corporations

being Woelflen's sureties), on two causes of action; the first cause of action being for the four fiscal quarters of 1924, and the second cause of action for the four fiscal quarters of 1925. The action is brought to recover money claimed to have been illegally paid by the county to the said Schattner for services it is claimed he did not perform as probation officer. Respondent bases its cause of action on the alleged fraud on the part of Schattner and Woelflen in presenting false claims, false in that charges were made for days when Schattner did not work, his contract of employment providing that he should receive $4.50 per day for each day actually employed.

Respondent being the moving party, the burden of proof to establish fraud and to prove that Schattner had received money illegally was on the county. (*Crumpacker v. Bank of Washington County*, 38 Ida. 534, 223 Pac. 229; *Allen v. Riddle*, 141 Ala. 621, 37 So. 680; see note in 1 Ann. Cas. 809.) It was incumbent on the county to prove the fraud alleged by clear, satisfactory and convincing evidence. (*Nelson v. Krigbaum*, 38 Ida. 716, 226 Pac. 169; *Fehr v. Haworth*, 33 Ida. 96, 190 Pac. 248; *Parker v. Marshall*, 30 Ida. 327, 164 Pac. 1013; *Nelson v. Hudgel*, 23 Ida. 327, 130 Pac. 85; *People v. Templeman*, 169 Ill. App. 287.)

The claims presented by Schattner and allowed and paid by the county commissioners were all substantially in the following form:

"Lewiston, Idaho, April 11, 1925.

Nez Perce County, Dr.,

To Louis D. Schattner, Probation Officer.

| 1925. | | Days |
|---|---|---|
| January: | 12–13–14–15–16–17–19–20–21–22–23–24–25 27–28–29–30–31. | 19 |
| February: | 2–3–4–5–6–7–9–10–11–12–13–14–15–16–17 18–19–20–21–22–23–24–25–26–27–28 | 26 |
| March: | 2–3–4–5–6–7–9–10–11–12–13–14–15–16–17 18–19–20–21–24–25–26–27–28–29–30–31 | 27 |
| April: | 1–2–3–4–6–7–8–9–10–11 | 10 |
| | Total No. of Days, | 82 |

Services rendered as Probation Officer by order of Hon. C. A. Woelflen, Probate Judge, making due and daily report of work performed at $4.50 per diem.

O. K.—C. A. WOELFLEN.''

The only evidence on behalf of the plaintiff to prove its charge of fraud and justifying reimbursement was the testimony of two of the county commissioners to the effect that they did not see Schattner at work in the courthouse at all times, though they admitted that they were not there every day and he might have been there when they were not there; and cross-examination of Woelflen and Schattner under the statute.

The cross-examination of Schattner was in substance to this effect; he was asked what he had done on a particular day. In most cases he did not remember the particular work which had been performed but remembered that he had been actually employed. In some few instances he could state from memory what particular work he had been engaged in and in some cases the records of the probate court showed a certain activity in which he had been engaged.

Schattner also admitted that he was out of the state for ten days or two weeks during which time he had Eugene Gasser, a policeman of Lewiston, do his work for him under what Schattner claimed was a kind of appointment by himself and the judge. Gasser refused reimbursement by Schattner. Schattner included in his claim the wages due him for the days he was absent in California on the theory that he was entitled to pay, and the work having been done, the claim was legitimate, he having intended to turn the money over to Gasser.

The court found that the county had been defrauded and allowed pay only for those days for which Schattner was able to state specifically what work he had done. This, in effect, placed the burden of proof on Schattner to prove himself innocent of the charge of fraud, contrary to the authorities cited above.

With the exception of the days he admitted he was absent, the cross-examination did not disclose by ''clear, satisfactory

and convincing" evidence that he did not perform services as probation officer on the days itemized in his claims.

The judgment is therefore reversed, with instructions to grant a new trial.

Costs to appellants.

Wm. E. Lee, C. J., and Budge and Taylor, JJ., concur.