(No. 7135. January 25, 1944.)

EVALYN BRABAZON, Appellant, v. DALLAS GORDON, JULIA ROWE, and FRANK A. ROWE, Respondents.

[145 Pac. (2d) 484.]

S. T. Schreiber for appellant.

Willis C. Moffatt for respondents Dallas Gordon and

Julia Rowe, and Delana & Delana for respondent Frank A. Rowe.

GIVENS, J.—Appellant alleged that respondents falsely and fraudulently represented they were the 'owners of a valuable placer mine in Elmore County, Idaho, and that various individual[s] well known as men of character, to-wit: A Mr. Sault, and the firm of Fisher and Brown, pecuniarily responsible had taken an interest with the defendants in said property, and that the mine had been apprised [appraised] at $50,000.00; that the assay values and tests showed the ground or alluvial to average $1.00 per yard or more. That they purchased a dragline, camp equipment, gas engine, pumps and pipe, blacksmith shop and tools, and that they kept a complete set of account books for inspection. "That they would give her a one-fifth interest in said mine and give her a contract for $600.00." That relying on said representations to be true, when in fact they were false, plaintiff paid to defendants in installments the sum total of $400.00 in cash to the account of the plaintiff.' Appellant sues herein to recover said amount on account of fraud and misrepresentation.

Appellant alone introduced evidence, except for the introduction by defendants, upon cross-examination of appellant and her witness, of letters and copies of location notices and a lease and assignment and proofs of assessment work.

At the conclusion of appellant's case a nonsuit was granted on the ground appellant had not shown the statements relied upon were false, untrue, or fraudulent.

█ The only evidence connecting Fisher and Brown with the property was letters written in 1940 after the initial representations had been made and the money paid, hence, these statements (even if false, which was not proven) could not have been the inducement causing appellant to pay the money. (37 C.J.S. 270-1, sec. 29, notes 89 and 90.)

One of respondents Rowe's letters stated they had had several offers to sell but they wanted $50,000. This was the only reference to $50,000, and it was not shown to be false —that is, that there had been no offer to buy or that they didn't want $50,000. In fact, from appellant's letters it is apparent it was entirely agreeable to her that they should want $50,000 and that she desired to share therein.

The basis of appellant's assertion that respondents owned no placer mine was that upon investigation she did not find muniments of title therefor recorded in the state land office. Nevertheless, respondent Gordon, September 20, 1938, made and posted a placer claim location on 20 acres of placer mining ground in Elmore County on the Middle Fork of the Boise River, under the name of Enterprize Placer Claim. Proof of such location was sworn to October 17 and filed in the county recorder's office in Elmore County on October 31, 1938, at pages 45-7 of Book "I" of mining claims. A placer location notice covering 40 acres at the same site and under the name of Log Cabin Claim was made October 1, sworn to October 17 by respondent Gordon, and filed October 31, in the same record of the County Recorder's office. September 26, 1938, appellant paid $100, October 3, $200, and October 28, the final $100 of the $400. It is contended by appellant, however, that these claims were on state land and no compliance had been had at that time with chapter 124, 1937 Session Laws, page 185, and also that these location notices had not been filed of record at the time these payments were made.

█ *Dripps v. Allison's Mines Co.*, 45 Cal. App. 95, 187 P. 448, held that failure to record within the time required (by sec. 46-617, I.C.A., 30 days) does not work a forfeiture or invalidate the location, and the same reasoning would apply to recording locations on state lands under sec. 46-703, I.C.A., as between the parties herein. To the same effect see *Humphreys v. Idaho Gold Mines etc. Co.*, 21 Ida. 126, 140, 120 P. 823, 40 L.R.A., N.S. 817, and *Independence Placer*

*Min. Co. v. Hellman,* 62 Ida. 180, 189, 109 P. (2d) 1038. *Johnson v. Ryan,* 43 N.M. 127, 86 P. (2d) 1040.

There is no evidence that respondents failed to secure a lease from the state of Idaho prior to the time they did with intent or for the purpose of defrauding appellant, or that she was in fact defrauded or in any way injured thereby.

Appellant's ultimate contention is that she was buying a one-fifth interest in placer ground owned by respondents, which she urges they didn't own. They had filed on placer ground at the time they received her money, and, insofar as there is evidence upon the subject, have at all times conceded that she purchased and now owns a one-fifth interest therein. Proofs of labor were introduced showing these locations had been kept alive by the proper amount of work required by the statutes (sec. 46-703, I.C.A., and 30 U.S.C.A. 28)..

Appellant failed to prove that the essential representations were false or untrue. The burden was upon her to so prove. (*Crumpacker v. Bank of Washington County,* 38 Ida. 534, 223 P. 229; *County of Nez Perce v. Woelflen,* 46 Ida. 682, 270 P. 617; *Wimer v. Smith,* 22 Ore. 469, 30 P. 416, at 421; In re Ross' Estate, 199 Cal. 641, 250 P. 676; *Vail v. Bailey,* 178 Wash. 490, 35 P. (2d) 37.) There thus being an entire absence of any showing of fraud, the nonsuit was properly granted.

Judgment affirmed. Costs awarded to respondent.

Holden, C.J., and Ailshie and Dunlap, JJ., concur.

Budge, J., did not sit at the hearing or participate in the decision of this case.